Beidler v. Friedell.

---

## BEIDLER V. FRIEDELL.

| 44 | 411 |
| o76 | 405 |

| 44 | 411 |
| f89 | 289 |

1. PRACTICE IN SUPREME COURT: *Motion for a new trial: Bill of exceptions.*

   When the bill of exceptions fails to show that a motion for a new trial was made, or that any exceptions were saved to the overruling of it, no errors as to the proceedings on the trial, nor proof, can be noticed by the Supreme Court, although the *record* shows that a motion for new trial was made and overruled.

2. PROBATE SALES: *Irregularities in proceedings.*

   Mere irregularities in the proceedings of the probate court in ordering the sale of a ward's land, which do not affect the jurisdiction of the court, afford to the purchaser at the sale no grounds for refusing to complete his purchase; and upon a re-sale at a less price than his bid, the guardian may recover from him the difference.

Beidler v. Friedell.

APPEAL from *Miller* Circuit Court.
Hon. C. E. MITCHEL, Circuit Judge.

*L. A. Byrne* for appellee.

The motion for a new trial is made no part of the bill of exceptions. *30 Ark., 585; 34 Ib., 420; 39 Ib., 483; 40 Ib., 251.*

The bill of exceptions must show that it contains all the evidence. *2 Eng., 408; 17 Ark., 327; 35 Ib., 412.*

EAKIN, J. The complaint in this case was made before a justice of the peace of Miller county by Edwin Bancroft, as guardian of the minor heirs of Charlotte Bancroft, against the appellee, Beidler, showing that the guardian had obtained from the probate court, at the April term, 1881, an order to sell two certain town lots of the wards for their support and education, and that at the sales, which occurred on the twenty-fifth of May following, Beidler bid the sum of $1,680 for the lots, and was declared the purchaser. He declined, however, to perfect the sale and execute his obligation for the purchase money, and the facts were reported to the probate court, when a re-sale was ordered to take place on the sixteenth of July following. At this sale the lots brought only $1,538, and this suit was brought against Beidler for the difference in the price and the costs of first sale, being $160.

For answer, Beidler stated that the guardian had not given the notice required by statute, that he would make application to the probate court for the order of sale; and also that no notice of the sale itself could be found amongst the records of the probate court; of which irregularities he was not advised when he bid.

Further, that he was willing, then, and offered to execute

his bond at three months, with approved security, according to the terms of the order for sale, but that the guardian refused to accept it and to make a deed, unless defendant would make bankable paper, upon which the guardian could raise cash from the bank at Texarkana; and that the guardian never executed or tendered a deed of conveyance.

The defendant also demurred to the complaint because the title to real estate was involved. This was overruled, and upon trial judgment was rendered by the justice for plaintiff. An appeal, with supersedeas, was taken to the Circuit Court. There the death of plaintiff was suggusted and shown, and Friedell was appointed guardian *ad litem*. The demurrer was again interposed and overruled. The plaintiff then demurred to the answer of defendant. It was sustained as to so much of the answer as set up want of proper notice of sale, and overruled as to the rest. There was a trial by jury and verdict for plaintiff. The record shows that a motion for a new trial was made and overruled, and defendant appealed. The bill of exceptions fails to show, directly or indirectly, that any motion for a new trial was made, or any exceptions saved as to overruling the same. It is wholly silent as to any motion for a new trial at all. No error, therefore, as to proceedings on the trial, nor as to the proof, can be noticed, if any there were. It remains only to see if there be error in the original or primary record.

1.PRACTICE IN SUPREME COURT: Motion for new trial: Bill of exceptions.

The title to the lands is in no way involved from anything that appears upon the record. If the sale had been perfected according to its terms, and confirmed by the court, it would have been a proceeding within the proper jurisdiction of the probate court and valid. Had the defendant doubted that it would have been open to him to have appeared and resisted the confirmation, and to have

appealed from the decision if adverse. There is no question of outstanding title in other parties, or of the entire soundness of the title of the wards.

**2. Irregularities in probate sales.** Courts of probate, controlling, directing and acting through the agency of guardians have jurisdiction *in rem* of the property of wards. Want of notice of the sale was irregular and erroneous. This fact is admitted by demurrer to the answer. But it was not jurisdictional, and would not have affected title on confirmation without appeal. If there had been an appeal and reversal the defendant would not have been injured or bound by his obligation for the purchase money. The demurrer as to that defense in the answer was properly sustained. See general principles on this subject announced in *Trimble and wife v. James, admr., 40 Ark., 401; Phelps et al. v. Buck et al., Ib., 219; Mock et al. v. Pleasants, 34 Ark., 63; Myrick v. Jacks, 33 Ark., 428; West and wife v. Waddill, 1b., 575; Guynn v. McCauley, 32 Ark., 97;* and especially *Fleming v. Johnson, 26 1b., 421.*

Affirm.