### HARPER *v.* SMITH.

#### Opinion delivered February 15, 1909.

1. GUARDIAN AND WARD—SALE OF LAND—BOND.—The requirement of Kirby's Digest, § 3803, that a special bond be given by a guardian before he sells land of his ward for reinvestment does not apply to sales made for the education and maintenance of the ward. (Page 287.)

2. SAME—SALE OF LAND FOR EDUCATION AND MAINTENANCE.—A sale of a ward's unimproved land for the purpose of paying off an incumbrance on his improved land is indirectly a sale for the education and maintenance of the ward. (Page 287.)

3. SAME—VALIDITY OF SALE OF LAND.—A guardian's sale of the ward's land is not invalid because the guardian failed to account for the proceeds of such sale. (Page 288.)

4. SAME—A guardian's sale of the ward's land is not invalid because part of the purchase money was paid by crediting thereon a debt for supplies furnished for the benefit of the ward. (Page 288.)

5. SAME—GUARDIAN'S SALE OF LAND—NOTICE.—A guardian's sale of the ward's land which was duly advertised by publication in a newspaper as required by law, but not by posting notices at ten of the most public places in the county in which the land is situated, as required by Kirby's Dig., § § 190, 3795, is a substantial compliance with the statutory provisions as to notice, and is not voidable after confirmation. (Page 289.)

Appeal from Mississippi Chancery Court, *Edward D. Robertson,* Chancellor; reversed.

*D. F. Taylor,* for appellant.

1. The real estate of a minor cannot be sold except for the purposes designated by, and under the authority of, the statutes; and in this State the statutes authorize such sale only for the purpose of education and maintenance of the minor, or for reinvestment of the proceeds· for his benefit. 2 Am. & Eng. Enc. of L., 57 and notes; Kirby's Dig. § § 3794, 3801.

2. Sales of real estate not made in substantial compliance with statutory provisions are voidable. Kirby's Dig. § 3793. And where, in the sale of an infant's land, no special bond is made as required by law, and the notices required by law to be posted are not posted, such sale is voidable, notwithstanding notice may have been published in a newspaper. Kirby's Dig. § § 3790, 3795, 190; 109 S. W. (Ark.) 534; 52 Ark. 341.

*Armstrong & Gravette* and *J. T. Coston,* for appellee.

1. The publication of the notice of sale in a newspaper, instead of by posting notices, was not an error or irregularity, and is no ground for setting aside the sale. The statutes cited by appellant apply only to cases where sale is made for the purpose of education of the minor. In sales made for the purpose shown

in this case, the manner of giving notice is left to the directions of the court. Kirby's Dig. § 3803. If a special bond was necessary, the legal presumption is that it was given; but, if not given, that failure does not affect the validity of the confirmed sale. 54 Ark. 484; 52 Ark. 342; 31 Ark. 82; 97 S. W. 291; 66 S. W. 347; 109 S. W. 534; 35 N. W. 80; 33 Pac. 113; 118 U. S. 195; 129 U. S. 96; 24 Kan. 278; 47 Kan. 58; 26 O. St. 636; 112 S. W. 380. The word "substantial" in the section referred to by appellant, Kirby's Dig. § 3793, refers only to the *vital* features of the statute controlling probate sales.

2. There was no error in allowing the purchaser to retain amount of his account against the minor for necessaries furnished to her. 3 Pomeroy, § 1300; 37 Ark. 425; 1 Pomeroy, § § 3378, 385; 112 S. W. 380.

McCULLOCH, C. J. This is an action instituted by plaintiff, Zula Harper, against W. L. Smith, to cancel and set aside a sale of the plaintiff's land made by her guardian while she was a minor. The present action was instituted in 1907; and the sale by the guardian took place in the year 1894, pursuant to the orders of the probate court entered at the July term of that year.

The plaintiff owned two tracts of land in Mississippi County: the one in controversy, which was wild and unimproved, and the other, which contained 95 acres and had improvements thereon which yielded some rental. One H. E. Knight was her guardian, under appointment from the probate court of Mississippi County, and had given the regular bond required by statute. In his petition to the probate court for the sale of the land, he alleged that these two tracts of land constituted all the property of his ward; that the other tract was incumbered by a mortgage, executed by plaintiff's ancestor to secure the payment of a debt in the sum of $325, which was then due and unpaid; that his ward had no means to pay off or discharge said mortgage, except the unimproved land sought to be sold; that it would be manifestly to the benefit of said ward that the said land be sold and the proceeds of the sale thereof invested in the payment and discharge of the mortgage, thereby to save her improved farm from sale thereunder. The probate court entered an order directing the guardian to sell said tract of land upon terms therein named, after causing

the lands to be appraised and the sale advertised by publication in a newspaper. At a subsequent term of the court, the guardian reported that he had made a sale, after advertisement and appraisement, in accordance with the terms of the order, and that the defendant, Smith, and one Williams had purchased it at said sale for the sum of $600, and had paid the purchase price. The court thereupon entered an order confirming the sale, and the guardian executed his deed to said purchasers conveying the land to them.

At the hearing of this cause in the court below, a decree was entered annulling the sale by the probate court; and, after reference to a master, a decree was entered in behalf of the plaintiff awarding the land to her, but adjudging a lien thereon in favor of the defendant for the value of improvements, after deducting rents. The plaintiff appealed from the decree, and subsequently the defendant prayed and obtained a cross-appeal.

The first point of attack upon the validity of this sale is that the special bond required by the statute (Kirby's Digest, § 3803) to be given where lands of an infant are sold for reinvestment was not given. This requirement of the statute applies only to sales for reinvestment, and does not apply to sales made for the education and maintenance of the infant. *Tobin* v. *Spann*, 85 Ark. 556.

The question then arises, whether this sale was made for the education and maintenance of the ward, or for reinvestment, or for either purpose. The statute contains no authority for the sale of an infant's land except for the purposes above specified.

The purposes of the sale were clearly set forth in the petition and the order of court; and it is plain that it was not for investment of the proceeds, but to pay off and discharge an incumbrance on another tract owned by the ward. The payment of a debt is not an investment. It is true that the petition and order of sale designated it as a sale for reinvestment; but both the petition and the order of court recited that it was for the purpose of raising funds to pay off and discharge an incumbrance on other land owned by the infant. Therefore it was not a sale for investment, whatever it may have been termed in the order. The requirement of a special bond therefore did not apply.

The use of the words "education and maintenance" in the statute concerning sales of an infant's lands must be construed to have been used in an enlarged sense, sufficient to authorize a sale to raise funds for the protection of the ward's estate. The incumbered tract being the only source of revenue, it was for the protection of the ward's estate that the incumbrance should be paid off, so that the rents and profits thereof might be used for her education and maintenance. Though the specific purpose of the sale was to raise funds to pay off and discharge an incumbrance, it was indirectly for the purpose of protecting her estate to the end that a fund for her education and maintenance might be raised. We are of the opinion that the sale was within the terms of the statute, and that no special bond was required.

It is also contended that the sale by the guardian was void because he failed to apply the proceeds in the discharge of the incumbrance on the other tract of land, or to finally account to the probate court for the funds received; also that the purchasers paid $158 of the purchase price by crediting that amount on a personal account which they held against the guardian. The purchasers at the guardian's sale were not bound to see that the proceeds of the sale were properly accounted for; and the failure on the part of the guardian to account for the same did not render the sale invalid. The evidence shows that the $158 credited on the purchase price was a debt for supplies furnished for the benefit of the ward. This being true, it was not improper to credit same on the purchase price of the land. *Brown* v. *Nelms,* 86 Ark. 368. But, even if this amount was credited on a personal debt of the guardian, it would not necessarily avoid the sale. We do not mean to say that if the whole or the greater portion of the purchase price should be credited on a personal debt due by the guardian to the purchaser it would not establish fraud or collusion on their part to deprive the infant of the proceeds of the sale and thereby invalidate the sale. There is nothing, however, in the present case which warrants the conclusion that there was any fraud or any conspiracy between the purchasers and the guardian to deprive the infant of the proceeds of the sale. The evidence clearly shows that the amount credited was understood by the purchasers to be for

supplies furnished for the benefit of the infant. Therefore it does not establish any fraud, and is not sufficient to justify the court in setting aside the sale.

The sale was advertised by publication in a newspaper, in accordance with the terms of the order of sale, and notices were not posted in ten public places in the county as provided by statute for sales of land under orders of a probate court. The statute provides that all such sales shall be advertised at least twenty days before the day of sale by posting notices at ten of the most public places in the county in which the lands are situated. Kirby's Digest, § § 190, 3795. Another statute, in force at the time of this sale, provided that such notices of sale should also be given by publication in a newspaper. Sandels & Hill's Digest, § 4684. . As already stated, the sale in this instance was duly advertised by publication in a newspaper, but not by posting notices. This, we think, was a substantial, though not literal, compliance with the statute.

The act of April 8, 1891 (Kirby's Digest, § 3793), provides that all probate sales of real estate not made in substantial compliance with the statute shall be voidable. The question is not presented whether a sale without notice at all can be avoided, but whether a sale on partial or incomplete notice, or notice given in only one of the two methods required by the statute, will avoid the sale. We hold that where the notice is given in one of the methods provided by statute, the sale is made in substantial compliance with the statutory provisions, and is not voidable after confirmation. *Beidler* v. *Friedell,* 44 Ark. 411; Woerner's Law of Guardianship, § 81.

The chancery court erred in decreeing the sale to be void, and in annulling it. Reversed and remanded with directions to enter a decree dismissing the complaint for want of equity.