## MOBBS v. MILLARD.

### Opinion delivered February 10, 1913.

1. GUARDIAN AND WARD—VALIDITY OF SALE OF LAND.—A guardian's deed executed under order of the probate court, to a minor's land is void under section 3793 of Kirby's Digest, which provides that all probate sales not in substantial compliance with statutory provisions shall be voidable, where it is conceded that the land was sold for less than the appraised value. (Page 567.)

2. CONSTRUCTION OF STATUTES—WORDS AND PHRASES.—The words "void" and "voidable" are not always used in statutes with entire legal accuracy, but are sometimes used interchangeably, and their meaning is an open question to be decided by the connection and context to carry out the intent of the Legislature. The word "voidable" in section 3793 of Kirby's Digest, *held* to mean "void." (Page 566.)

Appeal from Sevier Chancery Court; *James D. Shaver*, Chancellor; reversed.

#### STATEMENT OF FACTS.

On the 28th day of August, 1904, John Mobbs departed this life intestate, leaving him surviving as his widow, L. L. Mobbs, and as his minor children and only heirs at law, Frank Mobbs, May Mobbs and Elmer

Mobbs. The only property he owned at the time of his death was his homestead situated in Sevier County, Arkansas. At the October term, 1909, of the Sevier Probate Court the guardian of said minor children filed a petition asking for a sale of the land. The widow joined in the petition, waiving her rights of dower and homestead. An order of sale was made by the probate court. Pursuant to the order the land was duly appraised in the sum of nine hundred dollars, and on the 20th of November, 1909, the guardian sold the land to Morgan Pride for six hundred dollars. The sale was confirmed by the court and the guardian was ordered to execute a deed to the purchaser upon the payment of the purchase money. The guardian's deed was executed on the 1st day of June, 1910.

On the same day the purchaser at the guardian's sale sold the land to J. B. Millard for twelve hundred dollars, and executed him a warranty deed thereto. Frank Mobbs was several years older than the other children and when he arrived at the age of eighteen years, at the April term, 1911, of the Sevier Chancery Court, his disabilities as a minor were removed. On the 31st day of May, 1911, he filed his complaint in the chancery court, setting forth the above facts and asking that the guardian's deed to said land and also the deed from the purchaser at the guardian's sale to Millard be cancelled and set aside. The guardian, the purchaser at the guardian sale, Millard, the subsequent purchaser of the land and the minor brother and sister of plaintiff were all made parties defendant to the action. Morgan Pride, the purchaser at the guardian sale, and Millard, his vendee, and the guardian filed separate answers. They claim that the sale was valid and Pride and Millard each averred that they had made substantial improvements upon the lands since they purchased them. They brought into court seventy-five dollars, the difference between the price of the land sold for and its appraised value, and tendered it to the plaintiff. A guardian *ad litem* was

appointed for the minor children and made defense for them.

The chancellor found the issues in favor of the defendants and a decree was entered accordingly. The plaintiff has appealed.

*James S. Steel, J. S. Lake* and *J. D. Head,* for appellant.

The sale was not in substantial compliance with the law, and is therefore voidable. Kirby's Dig. § 3793. This statute is modeled after and is almost identical with section 30 of the General Statutes of Missouri, 1865, and that court has construed the statute to mean what it says, *i. e.,* that a sale of a minor's land for less than three-fourths of its appraised value is invalid. 100 Mo. 269.

This case comes clearly within that class of abuses sought to be remedied by the Legislature at the suggestion of this court in *Apel* v. *Kelsey,* 52 Ark. 341.

*W. H. Collins* and *B. E. Isbell,* for appellee.

If the Legislature had intended by the act to make all sales not made in conformity with its provisions of no effect, it would have used the term *void* and not *voidable.* The use of the terms *voidable* and *substantial compliance* clearly show that the Legislature intended to give an aggrieved party, when he could not truthfully make an allegation of fraud, the right to have the proceedings of the probate court relating to the sale reviewed, and the court thus obtaining jurisdiction was given the right to do justice between the parties as in all other cases in equity; in other words, it only gives an aggrieved party an additional ground for getting into court after confirmation of sale by the probate court.

HART, J., (after stating the facts). The issues raised by the appeal depend upon the construction to be given section 3793 of Kirby's Digest. It was enacted April 8, 1891, and is as follows:

"All probate sales of real estate made pursuant to proceedings not in substantial compliance with statutory provisions shall be voidable."

At the time of the sale in question section 3796 of Kirby's Digest was also in force and provides that "no real estate of any minor shall be sold for less than three-fourths of its appraised value."

The record in the instant case shows that the Sevier Probate Court acquired jurisdiction of the proceedings to sell the land upon a petition by the guardian and that each step in the sale was taken under the supervision of the court and that the sale of the land was confirmed and the deed of the guardian to the purchaser was approved by the court. Therefore, it is insisted by counsel for appellee that this judgment is conclusive when questioned collaterally. In the case of *Apel* v. *Kelsey,* 52 Ark. 341, the court held: "The doctrine established by previous decisions of this court, that the probate court is one of superior jurisdiction, and that its judgment in the exercise of jurisdiction, rightfully acquired, can not be attacked collaterally, has become a rule of property and is adhered to." This decision was rendered at the November term, 1889, and the court, speaking through Mr. Justice SANDERS, deplored this condition of the law, and in clear and forceful language set forth at length the reasons why the law should be changed in this respect. The learned Justice said that the courts were powerless because former interpretations of the law had become rules of property; but called attention to the fact that the Legislature had the power to render invalid future transactions of this kind. At the next session of the Legislature section 3793 of Kirby's Digest was enacted. It is reasonably certain then that the Legislature had knowledge of the condition of the law as announced in the case of *Apel* v. *Kelsey, supra,* and in response to the suggestion made by the court expressly intended to make a change in the law. If this is not true it is evident that the Act in question can have no force and effect whatever.

The words "void" and "voidable" are not always used in statutes with entire legal accuracy, but are sometimes used interchangeably. Their meaning is, therefore, an open question to be decided by the connection in

which they are used and the context to carry out the evident intention of the Legislature. Thus it will be seen that in the present statute voidable was manifestly used in the sense of void; else the statute is meaningless. It is plain that if we give the word its technical meaning, the statute makes no change whatever in the law, and the obvious purpose of the statute and the legislative intent will be entirely defeated.

Under the law a minor can not act for himself and his guardian is his statutory agent. The requirement that no real estate of any minor shall be sold for less than three-fourths of its appraised value was passed for his protection pursuant to a general principle of public policy. Appraisement means valuation. Thus, it will be seen the Legislature provided a means for fixing in advance the lowest valuation at which a minor's land can be sold. In the instant case it is conceded that the land was sold for less than three-fourths of its appraised value. It is true the purchaser at the sale now comes in and offers to make up the deficiency; but this he can not be permitted to do if the sale was not valid when made. It was the evident purpose and intention of the Legislature by the passage of section 3793 of Kirby's Digest to render invalid all sales of real estate which were not made in substantial compliance with the statutory provisions in regard thereto. We think the language used was sufficiently broad and comprehensive to accomplish the purpose intended.

We hold that the sale was not in substantial compliance with the statute and is invalid. Therefore, the plaintiff was entitled to maintain this action. We do not wish to be understood as holding that errors and irregularities in making the appraisements or in otherwise complying with the provisions of the statute in regard to the sale would not be a substantial compliance with the provisions thereof. See *Harper* v. *Smith,* 89 Ark. 284. But we do hold that an essential requirement of the statute in regard to the sale of a minor's land can not be entirely omitted and wholly disregarded.

It follows that the decree of the chancellor must be reversed and the cause will be remanded for further proceedings not inconsistent with this opinion.