## GAINES v. GAINES.

### Opinion delivered February 1, 1915.

GUARDIAN AND WARD—LEASE OF LAND—CONFIRMATION.—It is necessary, in order that a lease of a ward's land, made by a guardian in pursuance of an order of the probate court, shall be valid, that the lease be confirmed by the court, and where there has been no confirmation, the lease may be cancelled.

Appeal from Garland Chancery Court; *J. P. Henderson*, Chancellor; affirmed.

#### STATEMENT BY THE COURT.

Appellees brought this suit to cancel a lease executed by their mother, Lydia A. Gaines, life tenant of the property, and by their father, Abner L. Gaines, as guardian for the then minor children of the marriage.

Appellant and appellees are the owners of a three-story brick building between Central Avenue and Valley streets in the city of Hot Springs, which is centrally located and substantially constructed. The ground floor is used for a bank and other business purposes and the rooms on the second and third floors for offices. The appellant owns the north half of the building and the south

half belongs to appellees. There is only one entrance to the rooms on the second and third floors, which is a stairway from the outside of the building on Central Avenue. This stairway and the lavatories on the second and third floors are in that part of the building belonging to appellees and before the execution of the lease sought to be cancelled, appellant had been paying from $25 to $35 a month for the privilege of the use of the stairway and the lavatories by his tenants in common with appellees.

Appellant and his brother, Abner L. Gaines, the father of appellees, inherited the lands from their parents, and appellant on the 28th day of February, 1891, conveyed the lands to Lydia A. Gaines, during her natural life, or so long as she remained wife of her then husband, Abner L. Gaines, and upon her death or separation from Abner L. Gaines, or marriage after his death, the remainder to Mary Lydia Gaines, Alice Augusta Gaines and all other children that may be born to said Abner L. and Lydia Gaines, the fee simple title in said property to vest and rest in them share and share alike. Habendum, "To have and to hold the same unto the said Lydia A. Gaines and her children as aforesaid and those that may hereafter be born during the marriage of said Abner L. Gaines and the said Lydia A. Gaines, and unto their heirs and assigns forever, with all appurtenances thereunto belonging."

On the 31st of March, 1898, the two children mentioned in the deed being alive and two others also having been born, Abner L. Gaines was appointed guardian of the four children and required to give bond in the sum of $600. On April 5, following, he filed a petition as guardian, asking that he be authorized and empowered to join with the life tenant in the execution of a lease to Albert B. Gaines for the use of said stairway and lavatories in said building for a period of ninety-nine years, for a consideration of $1,000, and praying that the court designate what part of the consideration should be paid to his wards. The court determined that $300 would compensate for the minors interest and made an order

upon the payment of that sum to the guardian for their use, authorizing him to join with the life-tenant in the execution of the lease, for a period covering the life of the building, but not to exceed fifty years, the lease being made assignable. This order was made on the day after the petition was filed, and the lease executed on the next day thereafter and there was no order of court confirming the execution of the lease.

The petition stated the age of the life-tenant and her expectancy of life at thirty-four years.

The complaint alleged that the lease was void or voidable as to appellees, they being minors at the time, it being executed by their guardian without authority and because it was not made pursuant to the statute, and the estate being a contingent remainder was not subject to disposition. It alleged the death of their mother and their eldest sister, Marie Lydia, without heirs, that they became the owners thereby and entitled to the exclusive occupancy and possession. That the reasonable value of the easement was $360 a year, and prayed a cancellation of the lease and for an accounting and an injunction against appellant from further using the stairway, etc.

Appellant answered, claiming the right to the use of the premises under the lease which he alleged was properly made by Abner L. Gaines, guardian of appellee minors and being duly authorized by the probate court to execute it, and that he had paid the consideration fixed by the court in its order and was entitled to the use of the stairway and lavatories under the lease, a copy of which was exhibited with the answer.

The lease was executed by the mother of appellees, the life-tenant, and their father as guardian, and recites a consideration of $1,000, which was acknowledged received.

The answer did not deny the alleged rental value of the easement and the proof upon that point tended to show it was of the value of $30 per month. The chancellor decreed the cancellation of the lease and rendered a judgment for three years' rent, and from the decree appellant brings this appeal.

*Martin, Wootton & Martin,* for appellants.

1. The interest of appellees was a vested remainder and the probate court had jurisdiction to authorize the execution of the lease. 49 Ark. 425; 67 *Id.* 517; 72 *Id.* 336; 75 *Id.* 19; 95 *Id.* 23; 15 A. & E. Enc. Law (2 ed.), 320; 95 Ark. 22; 2 Washb., Real Pr. (6 ed.), § 1545; 24 A. & E. Enc. L. (2 ed.), 382-390; 84 Am. St. 233.

2. The order of the probate court was a sufficient confirmation of the lease. Kirby's Dig., § § 3801-2-3, 3798; Rogers on Dom. Rel., § 920.

*James E. Hogue,* for appellees.

1. The lease was void. Kirby's Dig., § § 3794 to 3803. It was not made for the education of the minors, nor for maintenance, nor investment. 89 Ark. 284; 74 *Id.* 81.

2. The order was never confirmed; this is fatal. 47 Ark. 413; 69 *Id.* 539; 76 *Id.* 146; 61 *Id.* 80.

3. As to contingent remainders, bodily heirs and children, etc., see 2 Words & Phr. 1503 and 8 *Id.* 7305; 67 Ark. 517; 75 *Id.* 19; 95 *Id.* 18.

4. This lease was a *sale* and confirmation was absolutely necessary. 52 Ark. 341; 106 *Id.* 563.

KIRBY, J., (after stating the facts). Appellant contends that appellees' interest in the property under the deed of conveyance was a vested remainder, and that the probate court had jurisdiction to authorize the execution of the lease disposing thereof, which it claims was executed in conformity to law and is a valid instrument.

There is much discussion in the briefs as to whether the estate of the minors under the conveyance to their mother and themselves consisted of a vested or contingent remainder, but under our view of the law, we do not find it necessary to determine this question. The mother of appellees remained the wife of their father until her death and had a life-estate in the property conveyed. The remainder belonged to the children living, born and to be born of the marriage, upon the termination of the life-estate and the probate court attempted to dispose thereof

by authorizing their guardian to join the life-tenant in the lease to appellant.

The probate court has power to authorize the leasing and the sale of lands belonging to minors as conferred by the statute. Section 3789, Kirby's Digest, authorizes the annual renting of the minors' improved lands, designating the procedure to be followed by the guardian and giving the probate court power to order that such renting may be done publicly or privately, subject to the court's or judge's approval.

Section 3791 authorizes the guardian to let out the ward's wild or unimproved lands, under the direction of the court, on improvement leases, not to extend more than two years beyond the majority of the ward.

Section 3794 authorizes the leasing or sale of the minor's lands when necessary for their proper education, and section 3801 authorizes the real estate of the minor, "to be sold or leased and the proceeds put on interest or invested in productive stocks or other real estate" when it appears that it would be for the benefit of the ward, upon an order from the probate court, directing it. Sections 3802 and 3803 of Kirby's Digest are section 34 of the Act of April 22, 1873, and provide the procedure for making such sale or lease of the land for investment for the ward's benefit.

Neither the petition for, nor the order of the court authorizing the guardian to make the lease for the minors, shows that it was to be made for the education of the minors, according to their means or the investment of the proceeds for their benefit in securities or other real estate. Under said section 3803, the court is authorized, upon the petition praying therefor, after a full examination of creditable and disinterested witnesses, when it appears that it would be for the benefit of the ward, that his real estate should be sold or leased to "make an appropriate order for such sale or lease under such regulations and conditions, subject to the provisions of this chapter in relation to the sale of real estate of

minors, as the court shall consider suited to the case," etc.

The law regulating the sale of real estate of minors requires that such sales be reported to and approved by the court in order to their validity. (Section 3798, Kirby's Digest) and this court has invariably held such sales, if not confirmed by the court, void. *Guynn* v. *McCauley*, 32 Ark. 97; *Apel* v. *Kelsey*, 52 Ark. 341; *Lumpkins* v. *Johnson*, 61 Ark. 80; *Morrow* v. *James*, 69 Ark. 539; *Harper* v. *Smith*, 89 Ark. 284; *Collins* v. *Paepcke-Leicht Lbr. Co.*, 74 Ark. 81.

Conceding that the lease was attempted to be made for the benefit of the minors, for an investment, the court was authorized to make the order under such regulations and conditions as it should consider suited to the case, subject to the provisions of the law in relation to the sale of the real estate of the minors, which require such sales to be confirmed.

There is no claim that there was any report to the probate court of the lease having been made, nor approval thereof by it, but only that the court made the order directing such lease and prescribing the terms and that the lease was in fact executed in accordance with the order authorizing it, which it is contended was in effect a confirmation, if confirmation be required of a lease of minor's real estate.

We do not agree with this contention. When the sale of the minor's real estate is ordered upon the terms prescribed by the order directing it, it could as well be argued that if the sale was effected and the conveyance made in accordance with the prescribed terms, that it was a sufficient compliance with the law requiring confirmation. The lease executed amounted to a sale of the interest of the minors in this valuable real estate, since by its terms it disposed of the property for a longer time than the average span of life, and for a consideration smaller than the annual rental value thereof. There was not a substantial compliance with the law in the making of the lease, or the sale of the minor's interest, and same

was void, and the court did not err in cancelling it. *Mobbs v. Millard,* 106 Ark. 563.

The answer did not deny that the rental value of the right to the use in common of the stairway and lavatories in the building belonging to the minors was not of the value of $30 per month as alleged in the complaint, and the proof introduced was sufficient to sustain the finding upon that point in any event.

There being no prejudicial error in the record, the judgment is affirmed.