## SIMMONS *v.* CARTER & COMPANY.

### Opinion delivered October 16, 1916.

1. GUARDIAN AND WARD—SALE OF WARD'S LAND—SUFFICIENCY OF BOND.—Where a guardian's bond is executed in a sum insufficient to cover the transactions required in the management of the ward's estate, that fact is a mere irregularity, and when the bond has been approved by the court, its insufficiency will not affect the validity of a sale of the ward's land.

2.  GUARDIAN AND WARD—"EDUCATION AND MAINTENANCE" OF CHILD.—
A sale of a minor's land, when the petition recited that the sale was
"for the purpose of maintaining and educating" the said minor, will
be upheld, because a child,must be maintained while being educated,
and maintenance is therefore a necessary expense in the education
of the minor.

3.  GUARDIAN AND WARD—SALE OF WARD'S LAND—PROCEEDS—PROPER
EXPENDITURE.—The purchaser of property belonging to a minor is
not bound to see that the purchase money is properly employed.

4.  GUARDIAN AND WARD—SALE OF WARD'S LANDS—NOTICE.—Where a
minor's lands are to be sold, notice thereof given pursuant to Kirby's
Digest, § 190, or in conformity with Kirby's Digest, § 4923, is sufficient.

5.  GUARDIAN AND WARD—SALE OF WARD'S LANDS—AFFIDAVIT OF
GUARDIAN.—The report of the guardian, showing that his ward's lands
had been sold to a certain company, accompanied by an affidavit
reciting "that I am not interested in said sale in any manner," held
sufficient to render the sale valid.

6.  SALE OF MINOR'S LAND—APPRAISED VALUE.—The court is without
authority to confirm any sale of a minor's property which does not
bring the required percent of the appraised value, and confirmation
of the sale cannot supply this failure.

7.  SALE OF MINOR'S LAND—AMOUNT SOLD FOR—REVIEW.—Under Kirby's
Digest, § 3793, notwithstanding the probate court has confirmed the
sale of a minor's land, the court may, on appeal, inquire whether the
provisions of the statute concerning probate sales, have been substan-
tially complied with.

Appeal from Monroe Chancery Court; *Jno. M.
Elliott*, Chancellor; affirmed.

*C. F. Greenlee*, for appellant.

The sale was void because not in substantial com-
pliance with statutory provisions. Kirby's Digest,
§ 3793.

1. The statutory bond was not executed by the
guardian. Kirby's Digest, § § 3780-1-2-3; 116 Ark.
361-8-9.

2. The probate court had no authority to order
the sale for maintenance, but only for the education
of the minor. *Ib.*, § 3794.

3. The court did not fix the time and place of
sale and direct proper notice and the guardian did not
give proper notice. *Ib.*, § § 3795, 190-1; 67 Ark. 80, 83;
75 *Id.* 6; 87 *Id.* 284-289.

4.   The guardian did not make the affidavit as prescribed by Kirby's Digest, § 192.

5.   The probate court had no authority to confirm the report for the reason that it states that the land sold for two-thirds of the appraised value. Kirby's Digest, § 3796; 106 Ark. 563; 52 Ark. 341; 96 *Id.* 222; 115 *Id.* 572; *Ib.* 385.

*Manning, Emerson & Morris*, for appellees.

1.   The bond was substantially as required by the statutes and approved by the court.   All defects were cured by confirmation.   But a failure to execute the bond would not invalidate the sale.   Kirby's Digest, § § 3780, 3782, 3819; 116 Ark. 361; 89 *Id.* 284-8.

2.   The court had authority to order the sale for the maintenance and education of the minor.   85 Ark. 556.

3.   Due notice was given.   89 Ark. 284-8-9.

4.   The whole record and report shows that the guardian was not the purchaser at the sale.   The affidavit is a substantial compliance with the statutes. Kirby's Digest, § § 192, 3795.

5.   The land sold for three-fourths its value.   52 Ark. 341.   The whole proceedings were in accordance with law.   Besides the confirmation cured all formal defects, and this is a collateral attack after the appellant had received the benefits and ratified the sale after maturity.

SMITH, J.   Appellant brought this suit to set aside a conveyance made by her guardian of a forty-acre tract of land which she had inherited from her mother. She alleged that the sale and conveyance to appellee, who was the defendant below, was void for the following reasons:   First, that the guardian had failed to execute a sufficient bond.   Second, that the sale was not ordered solely for the purpose of her education. Third, that the sale was void because the notice of sale was not given as required by law.   Fourth, that in reporting the sale no proper affidavit was made by

the guardian reciting that he was not interested in the sale. Fifth, that the court had no authority to confirm the report of sale because it recited that the land had been sold for two-thirds of its appraised value. These questions will be discussed in the order in which they have been stated.

First: It is admitted that the guardian executed a bond conditioned as required by the statute; but it is said that inasmuch as its penalty was only $100, it must be assumed that in its execution no account was taken of the value of the land, and that a bond should and would have been required in this amount if only the personal property had been taken into account. The bond, of course, should have been executed for a larger sum; but there was a bond, and it was conditioned as required by law, and its sufficiency was a question which addressed itself to the sound discretion of the court, and the failure to execute a larger bond is a mere irregularity which can not now affect the validity of the sale.

Second: The petition for the order of sale does allege that the minor was without means with which to "clothe, feed and educate herself," and the petitioner did pray that the order of sale be made "for the purpose of maintaining and educating his said ward." At the time of this petition the minor was of school age, and it was, therefore, proper for the probate court to determine whether or not this sale was necessary for her education under section 3794 of Kirby's Digest. It is conceded that the sale was had under the authority of that section; but it is urged that counsel placed too narrow a meaning upon the word "education" there employed. It is true that this section authorizes a sale only for the primary purpose of educating the minor, but a child must be maintained while it is being educated, and maintenance is, therefore, a necessary expense in the education of the child. The word education as here employed must be regarded as including those expenses necessarily incident to one's schooling. *Harper* v. *Smith*, 89 Ark. 288.

In this connection it is urged that the proceeds of the sale were not devoted to the minor's education. But the purchaser at the sale is not bound to see that the money is properly employed. Nor is his purchase invalidated because it is diverted from the purpose for which it was intended. *Harper* v. *Smith, supra.*

Third. The notice of sale was given by publication in a newspaper and no notices were posted as provided by sections 190 and 3795 of Kirby's Digest. Long subsequent to the enactment of these statutes the Legislature enacted what is now section 4923 of Kirby's Digest, and while this section has not been treated as repealing section 190 of Kirby's Digest, it has been regarded as providing an optional method of giving such notices, and we have held that notice given pursuant to section 190 of Kirby's Digest, or in conformity with section 4923 of Kirby's Digest, was such a substantial compliance with the statutory provisions that a sale made upon notice given in either manner would not be held void after confirmation. *Harper* v. *Smith,* 89 Ark. 289; *Landreth* v. *Hansen,* 116 Ark. 369.

Fourth. We do not agree with learned counsel that this sale is void because the guardian did not return with his report of sale a proper affidavit that he was not a purchaser of the land nor interested in any manner in the purchase thereof. The guardian's report does show that the land was sold to A. C. Carter & Company, and the affidavit of the guardian recites "that I am not interested in said sale in any manner." This, we think, is a substantial compliance with the requirements of the statute on this subject.

Fifth: It is finally urged that the court was without jurisdiction to confirm the guardian's report of sale because it contained the recital that the property had sold for two-thirds of its appraised value. Section 3796 of Kirby's Digest provides that no real estate of any minor shall be sold for less than three-fourths of its appraised value, and this requirement is jurisdictional. The court is without authority to confirm any sale of a minor's property which does not bring the required

per cent. of the appraised value, and confirmation of the sale can not supply this failure. *Mobbs* v. *Millard*, 106 Ark. 563. Section 3793 of Kirby's Digest provides that all probate sales of real estate made pursuant to proceedings not in substantial compliance with statutory provisions shall be voidable, and we have construed the word "voidable" as here used to mean "void." *Mobbs* v. *Millard, supra.* And since the enactment of this statute, we may—notwithstanding there has been an order confirming a sale—inquire whether the provisions of the statute concerning probate sales have been substantially complied with. It is not contended that the land did not sell for three-fourths of its appraised value. It is only urged that the report of sale recited a sale for two-thirds of the appraised value. There is nothing in the order of confirmation showing a sale for two-thirds of the appraised value, and it affirmatively appears from the recitals of the deed, which was approved by the court, that the land sold for three-fourths of its appraised value, and the recitals of this deed are made *prima facie* evidence of the facts there recited. Section 3799 of Kirby's Digest.

We must conclude, therefore, that before confirming the report of sale the court ascertained the truth of the matter, as it should have done, although it did not order any correction made of the erroneous recital contained in the report. The purpose and effect of section 3793 of Kirby's Digest is to throw open for investigation and inspection the question whether probate sales have been made in substantial compliance with statutory provisions, notwithstanding they may have been confirmed, and when that investigation was made by the court below, the fact appeared that the land did sell for three-fourths of its appraised value, and the truth of that finding is not now questioned.

Evidence was offered which strongly tends to show that appellant did not derive the anticipated benefits from that sale, and that the sale has not been to her advantage. But this evidence, if true, can not defeat the sale, if it was made in substantial compliance

with the statutes, and as we are of the opinion that it was so made, the judgment of the court below will be affirmed.