LEE WILSON COMPANY *v.* OSCEOLA & LITTLE RIVER ROAD IMPROVEMENT DISTRICT No. 1.

Opinion delivered January 8, 1917.

1. ROADS—ORGANIZATION OF DISTRICT—JURISDICTION—ISSUES FIRST RAISED ON APPEAL.—The organization of a road district being essential to any valid local assessments and levies, the question of whether there was such an organization is jurisdictional, and may be raised for the first time on appeal.

2. ROADS—ORGANIZATION OF DISTRICT—FAILURE TO FILE SURVEY— JUDICIAL NOTICE.—Although they do not appear in the record, this court will not take judicial notice of the fact, that no preliminary surveys, etc., were filed as required by section 1 (B) of Act 338, Acts of 1915, before the order of the county court was entered creating the district.

3. ROADS—ORGANIZATION OF—REQUISITES.—It is essential to the creation of a road improvement district under Act 338, p. 1400, Acts of 1915, that the course prescribed by section 1 (B) of the act be followed, notwithstanding the provisions of section 7 permitting the

preliminary surveys, plans, etc., therein specified were followed. (*Lamberson* v. *Collins*, 123 Ark. 205.)

4.   ROADS—ORGANIZATION OF DISTRICT—PRELIMINARY SURVEYS.—Where the record in the formation of a road district shows that section 7 of Act 338, Acts 1915, was complied with after the district was created, but is silent as to whether the provisions of section 1 (B) of the act were complied with, in the absence of a showing to the contrary, it will be presumed that the circuit court, in the exercise of its appellate jurisdiction duly ascertained that the county court had duly exercised its original jurisdiction in the creation of the district.

5.   ROADS—ORGANIZATION OF DISTRICT—INVALIDITY OF ASSESSMENTS. The acts of the assessors in failing to properly assess the property in the district, held invalid.

6.   APPEAL AND ERROR—RECORD OF OVERRULING MOTION FOR NEW TRIAL. —An exception to the overruling of a motion for a new trial can properly be made in the record entry of its overruling, and when that is done, it is not necessary to repeat the same formality in the bill of exceptions.

7.   APPEAL AND ERROR—RULES OF COURT—ABSTRACT OF TRANSCRIPT— REHEARING.—Where the appellee filed no abstract of the transcript as required by the rules of this court, he will not be permitted to ask a rehearing on the ground that the court has in its opinion overlooked some fact in the record.

Appeal from Mississippi Circuit Court, Osceola District; *S. C. Costen*, Special Judge; reversed.

*Hughes & Hughes, Lamb & Rhodes*, and *Coleman, Lewis & Cunningham*, for appellants.

1.   The whole proceeding is void under the decision in 123 Ark. 205. No plans or specifications were procured from the State Highway Commission.

2.   The whole assessment of benefits is void because made arbitrarily and without any reference to the actual benefits to accrue. 59 Ark. 536; 64 Ark. 258.

3.   The cost of improvement exceeds the statutory limit of indebtedness. 119 Ark. 198.

4.   The cost exceeds the aggregate of the benefits. 73 Ark. 526.

5.   Extravagant fees were allowed and paid engineers and attorneys. 122 Ark. 14.

*A. F. Barham* and *J. T. Coston*, for appellees.

The validity of the organization is tacitly recognized and plaintiff's have abandoned all the allegations

of the complaint. The demurrer was sustained. Having abandoned all of the allegations of the complaint, the plaintiffs have abandoned their case.

2. The chancery court had no jurisdiction. There was an adequate remedy at law. Acts 1915, pp. 1406, 1414-1418; 2 Page & Jones, Tax. by Assessment, § § 1411, 1413.

WOOD, J. This is an appeal from a judgment of the circuit court confirming the assessment of benefits to land owners in appellee district and ordering a levy of taxes to meet the cost of the improvement.

(1-2-3) 1. Appellants contend that the organization of the appellee district was void because there were no preliminary surveys, plans, specifications and estimates of the road proposed to be constructed and improved, as required by section 1 (B) of Act 338, Acts 1915, pp. 1400-4. This was held in *Lamberson* v. *Collins*, 123 Ark. 205, to be a prerequisite to the organization of the district. Appellants made no attack upon the organization of the appellee district in the court below. But as the organization of the district was essential to any valid local assessments and levies, the question as to whether there was such organization was one of jurisdiction which appellants have the right to raise at any time. Appellants conceded that upon a petition filed in the county court of Mississippi County, appellee district was organized and commissioners for the district were appointed by order of the court. This appeal is prosecuted from judgments making assessments and levies. This court can not take judicial knowledge of the fact, if it be a fact, as stated in appellant's brief, that no preliminary surveys, etc., were filed as required by section 1 (B) of Act 338, Acts 1915, before the order of the county court was entered creating appellee district. Appellants did not bring into the record of the circuit court, and have not brought into the record before this court the proceedings that were had before the county court prior to the creation of appellee district. There is no recital in the judgment

of the circuit court, and no facts set forth in the bill of exceptions, showing that such preliminary surveys, etc., were not made as the law requires. True there is in the bill of exceptions a report of the commissioners of appellee district showing that after their organization they called upon Pride and Fairley, civil engineers, appointed by the court and employed by them "to prepare preliminary plans, specifications and estimates of the roads proposed to be constructed, maintained and repaired. They state specifically and set out in detail what these preliminary plans show as to the general direction of the road to be constructed, their terminii, cuts, fills, grading to be done, bridges and culverts to be constructed, the length, width and depth of the roads and the character of the material to be used in their construction, and the estimated cost of the whole improvement. The commissioners state after thus setting out in detail what these preliminary plans, etc., show, what they estimate the cost to be. Section 7 of the Act 338, *supra*, provides that the Board of Commissioners immediately after their organization, shall call upon the State Highway Engineer unless the county judge should deem it advisable to employ some other competent engineer instead to prepare preliminary plans, specifications and estimates of the roads which it is proposed to construct, etc. It was under the authority of this section doubtless, that the commissioners acted and made the report which appellants have brought into this record by their bill of exceptions. But this court in *Lamberson* v. *Collins, supra*, held that the provisions of section 7 *supra* were not intended by the Legislature as an alternative method of procedure which could be adopted, instead of the method prescribed by section (B) of that act; that it was essential to the creation of the district that the method prescribed by section (B), be followed, notwithstanding the provisions of section 7, permitting the preliminary surveys, plans, etc., therein specified. Appellants have the burden, even on direct attack, to show that the judgments appealed from are erroneous. They do not

pretend that the record of the county court creating the district fails to show that the preliminary surveys, plans, etc., were filed as required by section 1 (B) of the Alexander Road Law.   There are no recitals in the judgments under review showing that these preliminary surveys, etc., were not made, or that the judgment of the county court creating the district fails to recite these facts, essential to its jurisdiction.   Nor do appellants bring into the record by bill of exceptions, facts showing that such preliminary survey, etc., were not made.   The report of the commissioners to the county court made under section 7 of the act after the order of the court creating the district and appointing the commissioners, does not prove, or even tend to prove, that the provisions of section 1 (B) had not been complied with.

(4)   Section 1 (B) as held in *Lamberson v. Collins, supra,* "was intended to provide a source of information as to the magnitude and cost of the improvement" for the benefit of property owners before they sign and present their petition for the creation of the district, and as section 7 was not intended as an alternative method, as held in *Lamberson v. Collins,* the fact that the commissioners, after the district was created, complied with the provisions of this section does not show that the provisions of section 1 (B) were not complied with.   We conclude, therefore, in the absence of any showing in this record to the contrary, that the circuit court in the exercise of its appellate jurisdiction duly ascertained that the county court had rightly exercised its original jurisdiction in the creation of the district, without which the circuit court would have had no jurisdiction to render the judgment now under review.

(5)   2.   Appellants contend that the assessors, in making the assessment of benefits to accrue to the land owners acted in an arbitrary and unreasonable manner, which resulted in an assessment far in excess of any benefit that they would derive from the improvement, and which was so "discriminatory and confiscatory as to amount to taking their property without compensation

and without due process." Appellants set out in their brief illustrations showing that in one instance the benefits were assessed at 300 per cent. of the assessed value of the land, and more than 200 per cent of its actual value. In another instance that the benefits were assessed at 300 per cent. of the assessed value, and at 150 per cent. of the actual value. In one instance the assessed value was $165 and the benefits were assessed at $577.50. In another the assessed value was $800, and the actual value about twice that sum, and the benefits were assessed at $3,259.23, making more than 400 per cent. of the assessed value and more than 200 per cent. of the actual value. The appellees, although represented by able counsel, who had permission to brief this case in connection with the case of *Chapman & Dewey Land Co. et al.* v. *Osceola & Little River Road Improvement District No. 1 et al.*, just decided, *infra*, p. 318, has not favored us with an abstract challenging these statements and showing that they are incorrect. .But, on the contrary, appellants abstract the testimony of two of the assessors, and state that the third did not testify. One of the assessors testified that the basis for making the assessment of benefits was all made out when he went to work on it. It was made out by Waddell, Fairley, and Pride, and witness did not know how they arrived at the benefits. From the list of lands it appeared in most instances that they multiplied the assessed value of the land by three and took the product as the benefits to be assessed against the land; that was the general basis used. Witness did not go out and look at each particular tract. So far as he knew, none of the assessors did. Witness did not arrive at the result reached at all himself. He just accepted what the others said, and did not do any figuring on it at all himself. The other assessor testified as follows: "I have been familiar with the lands in this road district for a number of years, and at different times have been over most of the lands. From my knowledge of the lands, I made the assessment of benefits. After assessing the benefits, I estimated

the cost of the improvement at one-third the amount of the benefits. In practically every instance, the benefit is assessed at just three times the cost apportioned to the particular tract of land. I do not know who apportioned the cost. The engineers had the map and the printed assessment sheets when we went to make the assessment. I made some of the figures on the map. I do not know who made the others."

Witness was asked to tell all the facts that entered into his judgment in making up the assessment of benefits, on a certain tract, the character of the land, whether high or low, wild or cultivated, timbered or cut over, and its market value. He answered that he took into consideration the fact as shown by the map that the land would be within a mile and a half of the road, as the sole factor in estimating the benefits.

An assessment of benefits made in the manner indicated by the above testimony, was not such as the law contemplates. It was in fact no assessment at all made by the assessors. It was made up by others, and the assessors, acting individually and not as a board, simply approved what others had done. The statute constitutes the assessors a board. They take an oath to well and truly assess the benefits. A majority of the assessors is a quorum, but the business of the assessors is transacted as a board. The undisputed testimony shows that the so-called assessment of benefits was arbitrary, unreasonable, and unjust, and not made in the manner required by the statute. The court erred therefore, in sustaining these assessments and in ordering the levy of taxes based thereon. For this error the judgment is reversed and the cause is remanded with directions to quash and set aside the assessments and levies of which complaint is here made.

Wood, J., (on rehearing). The appellee contends on rehearing that this court can not review the evidence in the case as it has done because the bill of exceptions does not disclose the filing or overruling of a motion for a new trial. Citing *Beidler* v. *Friedell*, 44

Ark. 411, where we said: "The bill of exceptions fails to show directly or indirectly that any motion for a new trial was made, or any exceptions saved as to over-ruling the same. It is wholly silent as to any motion for a new trial at all. No error, therefore, as to the proceedings on the trial, nor as to the proof, can be no-ticed, if any there were." And also citing, *Johnson* v. *State*, 43 Ark. 391.

(6) But these cases were expressly overruled in *Carpenter* v. *Dressler*, 76 Ark. 400-405. In that case we said: "The court is of the opinion that an excep-tion to the overruling of a motion for a new trial can properly be made in the record entry of its overruling, and that it is not necessary, when that is done, to re-peat the same formality in the bill of exceptions."

The record entry on the overruling of the motion for a new trial recites: "This matter coming on to be heard upon the motion for a new trial filed herein, and the court being sufficiently advised in the premises, doth overrule said motion, and to the overruling of said motion all of the defendants and each of them at the time excepted, and asked that their exceptions be noted of record, which was accordingly done."

(7) Appellee further contends that the assess-ments were not arbitrarily made, as held in the opinion, and it presents in its brief an abstract showing the man-ner of the assessment of benefits which it contends proves that the assessments were not unreasonable and arbitrary.

Under rule 3 of this court, in no case will a petition for rehearing "be granted when based on any fact thought to be overlooked by the court unless reference has been clearly made to the same in the abstract of the transcript," prescribed by rule 9. Appellee filed no abstract under rule 9 on the original hearing of the cause, and we can not, on rehearing, consider the ab-stract now presented in the brief of appellee's counsel on such motion.

The motion for a rehearing is therefore overruled.