# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

JONES *v.* McDANIEL.

## Opinion delivered May 13, 1918.

GUARDIAN AND WARD—SALE OF REAL PROPERTY—VARIANCE IN DESCRIP-
TION—Under Kirby's Digest, § 3793, declaring voidable probate
sales of real estate pursuant to proceedings not in substantial
compliance with statutory provisions, a guardian's sale of the land
of minors was void where one tract of land was described in the
application and the order of sale and another tract was described
in the appraisement and sold, although the report of sale was
confirmed by the court.

Appeal from Howard Circuit Court; *J. S. Lake,*
Judge; affirmed.

*D. B. Sain,* of Nashville, and *T. D. Crawford,* of Lit-
tle Rock, for appellant.

*J. S. Butt,* of Nashville, for appellee.

STATEMENT OF FACTS.

Appellees instituted this action in the circuit court
against appellant to recover possession of a certain forty
acre tract of land in Howard County, Arkansas. The
land originally belonged to Josiah McDaniel, who re-
ceived it by patent from the United States. He died own-
ing and in possession of the land. Appellees were his sole
heirs at law and all were minors at the time of his death.
The description of the land is, the southwest quarter of
the northeast quarter, section 2, township 11 south, range
28 west. After the death of Josiah McDaniel, a guardian
was appointed for the minors. The guardian made an ap-

plication to the probate court for the sale of the northwest quarter of the northeast quarter of section 2, township 11 south, range 28 west, as land belonging to her wards. The probate court ordered the land sold under the same description as that of the application. The southwest quarter of the northeast quarter of section two, etc., was appraised and sold. The same description was carried in the report of sale and the order of court confirming it.

The court found in favor of appellees, Ethel Laws and Walter McDaniel, who had arrived at the age of twenty-one years within three years next before the bringing of this action. The other appellees having arrived at the age of twenty-one years more than three years before the institution of this action, the court found against them. Judgment was rendered in accordance with the finding of the court. To reverse that judgment appellant has duly prosecuted this appeal.

HART, J., (after stating the facts). Prior to the passage of section 3793 of Kirby's Digest defects in the proceedings for the sale of a minor's land under the statute were cured by the order of confirmation and could not, therefore, be collaterally attacked. The reason was that the probate court had jurisdiction to order the sale of the land, and though the order or other proceedings may not have been made or had in the manner pointed out by by the statute, they were not void. Section 3793 of Kirby's Digest was passed April 8, 1891, and provides that all probate sales of real estate made pursuant to proceedings not in substantial compliance with statutory provisions shall be voidable.

In *Mobbs* v. *Millard*, 106 Ark. 563, the court held that the word "voidable" as used in this section means void. In the instant case an entirely different forty acre tract of land was described in the application and order of sale to that which was appraised and sold. It is true the court confirmed the report of the sale, but the same land not having been sold as was embraced in the application and order of sale, the proceedings amounted to nothing more

than a private sale of the land by the guardian at public letting without an order of the court therefor. Our statute contemplates that an application and order of the court directing the sale be had before the minor's land can be sold. Therefore the proceeding was not in substantial compliance with the statute and was void.

The judgment will be affirmed.