## APEL v. KELSEY.

1. PROBATE COURT: *Judgment of, cannot be attacked collaterally.*
    The doctrine established by previous decisions of this court, that the Probate Court is one of superior jurisdiction, and that its judgment in the exercise of a jurisdiction, rightfully acquired, cannot be attacked collaterally, has become a rule of property and is adhered to.

2. ADMINISTRATION: *Private sale of lands.*
    A private sale of the lands of a decedent, made under an order of the Probate Court for the payment of his debts, is not void when confirmed.

APPEAL from *Arkansas* Circuit Court.

JOHN A. WILLIAMS, Judge.

The land in controversy in this suit was sold at private sale by Shall's administrators, for the payment of his debts, under an order of the Probate Court. It was purchased by one Mills, and came by regular conveyances to Kelsey, who brought ejectment against Apel, the latter being in possession and claiming it under a donation deed. On a trial of the cause the defendant excepted to the documentary evidence of the plaintiff's title, directing his exceptions mainly to the administrator's deed, because the record did not show the confirmation and approval of the sale. The exceptions were overruled and judgment went for Kelsey, and Apel appealed. The Supreme Court reversed the judgment because the administrator's deed did not show a confirmation of the sale; and remanded the case for a new trial, with instructions to permit the plaintiff to prove by record evidence the confirmation of the Probate sale. (See *47 Ark., 413.*) Upon the trial anew the confirmation of the sale was shown, and the defendant again

objected to the administrator's deed. His objection was over-ruled, and by a declaration of law which was refused, he raised, directly, the question of the validity of a private sale under an order of the Probate Court. The second trial also resulted in a judgment for Kelsey, and Apel appealed.

*Bell & Bridges*, for appellant.

1. The Probate Court has no power to order a sale of lands by an administrator to pay debts, at *private sale*. Nor can such a sale be cured by confirmation. *Mansf. Dig., secs. 170 to 184; 33 Ark., 89; ib., 428; 47 id., 413.* The Probate Court has authority to sell at *public sale* only.

*P. C. Dooley*, for appellee.

1. As to the power and jurisdiction of Probate Courts, see *art. 7, sec. 34, Const. 1874*, giving them *exclusive original* juris-diction over estates of deceased persons. See, also, *sec. 170, Mansf. Dig.*, making lands assets in the hands of the adminis-trator to pay debts. The court acquires judisdiction and pro-ceeds *in rem*. It is a superior court, with general jurisdiction, and its judgments, however erroneous, cannot be attacked col-laterally. *31 Ark., 82 ; 33 id., 575 ; 40 id., 433 ; 11 id., 519 ; 47 id., 413.* The confirmation cured all irregularities. *Rorer Jud. Sales, secs. 2, 11, 16, 286–8; 26 Ark., 433,* is conclusive of this case.

SANDELS, J.   The jurisdiction of Probate Courts in the matter of sales of lands of deceased persons has often been the subject of investigation and decision by this court. It has often been held that the court is one of superior jurisdiction; that as such its judgments are proof against collateral attack ; and that all irregularities in the exercise of a jurisdiction once rightfully acquired, are cured by its final judgment. It is held that the court acquires jurisdiction of the *res* by the grant of administration, and that, upon the filing of a proper petition, the power to order a sale is absolute. It is in the exercise of this power that gross and palpable violations of the statute

1. JUDG-MENTS: Of Pro-bate Court.

courteously called "irregularities" most frequently occur. The court being of superior jurisdiction, all presumptions are in favor of the propriety of its action, and ordinarily no relief is attainable against its judgments and orders except by appeal. But no one can appeal except he have himself made a party to the proceeding in the Probate Court. When an administrator desires to sell land, he is required to give notice by publication of his intended application. This is to enable persons interested to make themselves parties, contest the application, if they see proper, and appeal from the order, if adverse to them. Yet, it is held, that failure to give such notice is but an irregular step in the exercise of jurisdiction, and is cured by confirmation. So, it is required that publication be made of the time, place and terms of such sale when ordered; but failure to give such notice is held to be an irregularity which is cured by confirmation. Want of notice being but an irregularity, we are unable to see what additional "sanctity doth hedge about" a sale. The advantage of a *public* sale, when no one save the administrator knows the time when, or place where it will transpire, is not evident.

It is impossible upon principle to distinguish the question here presented from those so often decided heretofore; and in obedience to the settled doctrine of this court, fixing the character of the Probate Court, and the effect of its judgments, we hold that a private sale of land by an administrator, upon order of that court, is not void when confirmed.

2. ADMINISTRATION: Private sale of lands.

In this particular case there were no bad results to the estate of Hall, from this method of sale. The land brought a good price, and the administrators appear, in all things, to have acted capably and in good faith. But upon the occasion of holding this manifest violation of the law lagalized by a subsequent order of confirmation, we think it proper to submit the following suggestions:

The construction put upon the constitutional and statutory powers of the Probate Court, has gone, we think, far beyond

the intention of the framers of either Constitution or statute. The accretions of power, now far outweigh the original nucleus. But little further aggression is necessary to make the action of that court, in legal contemplation, infallible. This should not be. The specific powers granted these courts by law, pursued in the statutcry method, are ample to accomplish the object of their being. The Probate Judges are not required to be, and usually are not, lawyers. In many instances they act without knowledge or consideration of the far-reaching effects of what they do. The most important interests, the guardianship of widows, children and estates, are committed to their superintending care. Some possibly are dishonest, many are not wise or discriminating. Taking into account the magnitude of the property interests which they have in charge, these courts should be required to proceed in exact conformity to law, instead of being panoplied by the presumptions which attend the exercise of superior jurisdictions by other courts. When we see, day after day, the inheritance of infants squandered by the dishonesty or frittered away by the incompetency of administrators, and see these actions irrevocably legitimated by the approval of facile courts, we submit that it is time to call a halt.

The courts are now powerless. Former interpretations of the law have become rules of property, and cannot be overturned without uprooting the titles to one-fourth of the property of the State. But as to future transactions it is the power of the Legislature to place its prohibition upon the sins of omission and commission in administration, which now bankrupt the estates of the dead and send dependent widows to the workhouse.

We earnestly commend the subject to the attention of the law-making power.

Affirmed.