BEAKLEY *v.* FORD.

Opinion delivered February 14, 1916.

1. PROBATE COURTS—STATUTORY JURISDICTION.—Probate courts have only such special and limited jurisdiction as is conferred upon them by the Constitution and statutes, and can only exercise the powers expressly granted and such as are necessarily incident thereto.

2. PROBATE COURTS—SALE OF INFANT'S LANDS—REINVESTMENT.—There is no authority giving the probate court jurisdiction to order the guardian or curator to invest the funds of the estate of minors in his hands, in real estate.

3. PROBATE COURTS—ESTATE OF INFANTS—STATUTORY JURISDICTION.— Where a probate court acts solely under its statutory authority, its jurisdiction to exercise such authority must appear from the record and will not be presumed.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; affirmed.

STATEMENT BY THE COURT.

The probate court of Lawrence County, on the 3d day of its April term, 1912, directed the appellant, Beakley, who was curator of the estate of the minor heirs of Eugene Pickett, deceased, to purchase certain real estate at a certain price with the funds of the estate, and to take credit in his settlement for the amount paid out under the order. In compliance with this order the appellant purchased the lands, paid the purchase price, $1,850, and took a deed in the name of the minors. They, with their mother, lived on the place for a year or so. The appellant paid the incidental expenses connected with the ownership of the property and in his final settlement with the probate court at the July, 1914, term asked credit for the funds so expended, which were as follows:

| | |
|---|---:|
| Purchase price | $1,850.00 |
| Recording deed | 1.50 |
| Taxes for 1911 | 20.46 |
| Taxes for 1912 | 3.49 |
| Taxes for 1913 | 15.03 |
| Insurance on house | 28.00 |
| Interest 6 per cent to be deducted from interest charged | 158.87 |
| Total | $2,077.35 |

Exceptions were made to this settlement by the appellee and the probate court denied the appellant any credit on his account for the above expenditures, entered a judgment and directed him to pay the amount in cash to the appellee as curator in succession. Appellant seeks by this appeal to reverse this judgment.

*Gustave Jones, Ponder & Ponder* and *John W. Newman*, for appellant.

1. The order of the court was a judicial act, and after the term expired the court was powerless to revoke, nullify or ignore its provisions. The probate court, under Const. 1874, Kirby's Dig., § 3801, has exclusive jurisdiction of the estates of minors, with power to order an investment of the funds in real estate. 98 Ark. 63; 21 Cyc. 91; 12 Ark. 94; 35 *Id.* 205; 70 Ark. 88; 102 *Id.* 114; 84 *Id.* 32. There is no evidence of waste, fraud or imposition.

*S. A. D. Eaton,* for appellee.

1. The probate courts have only such powers and jurisdiction as have been specifically granted them by the Constitution and statutes of this State. 33 Ark. 429, 494; 47 *Id.* 462; 95 *Id.* 166; *Ib.* 262. There is no law empowering or authorizing probate courts to permit a guardian to invest his ward's money in real estate. 33 Ark. 429, 494; Kirby's Digest, § § 3801, 3804, 3806; 98 Ark. 63. The order was null and void and may be impeached collaterally. 32 Ga. 266; 23 Cyc. 1099; 21 *Id.* 91; 27 Ark. 197.

2. The burden was on appellant to show that the credits asked are correct and just. 76 Ark. 217. He has failed.

Wood, J., (after stating the facts). The appellant contends that the order of the probate court at its April term, 1912, directing the curator to purchase certain lands with the funds in his hands belonging to the minors and to take credit therefor in his settlement at the expiration of the term became a final order and after this order had been carried out by the curator of the estate, the probate court, at a subsequent term, "was powerless to revoke, nullify or ignore its provisions," and that inasmuch as this order directed the appellant to take credit for the sums expended thereunder that the probate court, at a subsequent term, erred in refusing to allow him credit for such expenditures on his final settlement, and that the judgment of the circuit court to the same effect, from which this appeal comes, was also erroneous.

The appellant contends that the order of the probate court at its April term, 1913, was within its jurisdiction under the Constitution of 1874 and section 3801 of Kirby's Digest, citing *Watson* v. *Henderson*, 98 Ark. 63. Section 3801 of Kirby's Digest provides: "When it shall appear that it would be for the benefit of a ward that his real estate, or any part thereof, be sold or leased and the proceeds put on interest, or invested in productive stocks, or in other real estate, his guardian or curator may sell or lease the same accordingly upon obtaining an order for such sale or lease from the court of probate of the county in which such real estate, or the greater portion thereof, shall be situate."

The Constitution gives to probate courts "exclusive original jurisdiction in matters relative to  *  *  *  the estates of deceased persons,  *  *  *  guardians and persons of unsound mind and their estates as is now vested in the circuit court, or may be hereafter prescribed by law." Const. of Ark., article 7, section 34.

In *Watson* v. *Henderson, supra,* the question at issue was whether or not the chancery court had juris-

diction to order the sale of a minor's land for reinvestment. In discussing that question it was shown that the Constitution of 1874 vested exclusive jurisdiction in the probate court to order a sale of a minor's land for reinvestment. The question now under consideration was not before the court at all and it was not there decided that the probate court had jurisdiction to order the funds of an estate in the hands of a guardian or curator to be invested in real estate.

(1)    This court, in numerous cases, has held that probate courts have "only such special and limited jurisdiction as is conferred upon them by the Constitution and statutes, and can only exercise the powers expressly granted and such as are necessarily incident thereto." *Lewis* v. *Rutherford,* 71 Ark. 218-220.

(2)    There is no authority giving the probate court jurisdiction to order the guardian or curator to invest the funds of the estate of minors in his hands in real estate. Section 3801 of Kirby's Digest, invoked by the appellant, does not confer any such authority. It authorizes the sale of real estate for reinvestment "when it shall appear that it would be for the benefit of the minor to do so." And there are statutes authorizing guardians and curators to loan the money of minors under the conditions prescribed in those statutes. Kirby's Digest, sections 3804 to 3806 inclusive.

(3)    We have held that the probate court has no power, under its general jurisdiction, to order the lands of a minor to be exchanged for other lands, there being no statute conferring such power. *Meyer* v. *Rousseau,* 47 Ark. 460; *McKinney* v. *McCullar,* 95 Ark. 166; *Gatlin* v. *Lafon,* 95 Ark. 256.

The order of the probate court under review contains no recitals that would bring it within the exercise of the jurisdiction conferred upon it by the statute. The probate court having no such common law jurisdiction, and proceeding solely by virtue of statutory authority, its jurisdiction to exercise such authority must appear

from the record and will not be presumed. *Gibney* v. *Crawford,* 51 Ark. 34; *Hindman* v. *O'Connor,* 54 Ark. 627-43; *Morris* v. *Dooley,* 59 Ark. 483-87; *St. Louis, I. M. & S. Ry. Co.* v. *Dudgeon,* 64 Ark. 108-10. See also *Willis* v. *Bell,* 86 Ark. 473.

It follows that the judgment of the circuit court is correct, and it is therefore affirmed.

McCULLOCH, C. J., (Dissenting). I am unable to reconcile the views expressed by the majority in the opinion in this case with the former decisions of this court with respect to the jurisdiction of the probate court over the estate of infants and deceased persons, and the presumption attending the judgments of those courts in the exercise of that jurisdiction. It has always been declared by this court, in the earliest decisions as well as recent ones, that the probate court is a court of superior jurisdiction, and that the sale by an administrator or guardian under orders of the probate court "is a proceeding *in rem* by a superior court having jurisdiction of the subject matter * * * and consequently all reasonable presumptions must be indulged in favor of the regularity of the proceedings." *Borden* v. *State,* 11 Ark. 519; *Marr ex parte,* 12 Ark. 87; *Rogers* v. *Wilson,* 13 Ark. 507; *Sturdy* v. *Jacoway,* 19 Ark. 499; *Apel* v. *Kelsey,* 52 Ark. 341; *Alexander* v. *Hardin,* 54 Ark. 480.

In the case of *Apel* v. *Kelsey, supra,* which involved a question of the validity of a private sale of land under orders of the probate court, there being no statute authorizing such a sale, Mr. Justice Sandels, in delivering the opinion, after restating the rule so often announced by this court that the probate court was a court of superior jurisdiction, and that "all presumptions are in favor of the propriety of its acts," said:

"It is impossible upon principle to distinguish the question here presented from those so often decided heretofore; and in obedience to the settled doctrine of this court, fixing the character of the probate court, and the effect of its judgments, we hold that a private sale of land

by an administrator, upon order of that court, is not void when confirmed."

One of the few cases which appears to express the contrary doctrine is that of *Myrick* v. *Jacks,* 33 Ark. 425, which was expressly condemned by this court is the recent case of *Watson* v. *Henderson,* 98 Ark. 63. In the reference to that case, we said: "Therefore the language of the court above quoted, while applicable to the jurisdiction of probate courts in 1865, was not applicable to the jurisdiction of such courts in 1878, when the opinion in *Myrick* v. *Jacks* was rendered. Nor is it applicable in the present case. For, as we have shown above, the Act of April 22, 1873, gave to the circuit courts jurisdiction to order guardians to make sale of the lands of their wards and to invest the proceeds in other real estate, and the Constitution of 1874 vested exclusively in the probate courts the jurisdiction 'in matters relative to the estates of deceased persons, guardians,' etc., that theretofore had been vested in the circuit court."

The record in the present case shows that the guardian was directed to invest certain funds in real estate, and he complied with the order of the court and asked credit for the funds so invested. The present objection to the allowance constitutes a collateral attack on the former order of the probate court which I think, according to the settled doctrine of this court ought not to be permitted. The statute (Kirby's Digest, section 3801), authorizes the probate court to direct a guardian or curator to invest the funds of his ward in real estate. It is true this authority is limited to funds which arise from the sale of real estate for reinvestment, but where the court orders the funds invested there is a presumption when the inquiry arises collaterally, that they were funds over which the court exercised that kind of authority. It is unnecessary for me to cite the decisions of this court which hold that where there is a presumption attending the record of a court of superior jurisdiction, that presumption is as complete from mere silence of the record

as it is where there is an affirmative showing of regularity in the record itself.

It seems to me that this decision goes very far towards unsettling the law which has heretofore been regarded as so well settled on this subject. I dissent, therefore, from the conclusions announced in the opinion of the majority.