TIPTON, ADMINISTRATOR, EX PARTE.

Opinion delivered April 10, 1916.

1. HOMESTEAD—EXEMPTION—LEVY AND SALE.—Under the Constitution, the land itself, which constitutes the homestead, and not the mere right of occupancy, is exempt from levy and sale.

2. HOMESTEAD—RIGHT OF WIDOW AND CHILDREN.—The same exemption that was given to a husband in his lifetime is extended to his widow and children, until their homestead rights cease.

3. HOMESTEAD—MINOR—WAIVER AND ABANDONMENT.—A minor, being under disability, can not waive his right to a homestead during minority; he can neither waive nor abandon his homestead rights.

4. HOMESTEAD—SALE FOR DEBTS.—There can be no sale of the homestead for the payment of debts until the termination of the homestead interest.

5. HOMESTEAD—SALE SUBJECT TO RIGHTS OF WIDOW AND CHILDREN.—The homestead can not be sold subject to the rights of occupancy by the widow and children.

6. HOMESTEAD—DEBTS—PROBATE SALE.—The probate sale of the homestead by the guardian in cases where there are debts is absolutely void. *Semble.* If there are no debts, the probate court may order a sale of the homestead upon the application of the guardian where it was deemed to be to the best interest of the minor to do so.

7. HOMESTEAD—SALE—NOTICE TO PURCHASERS.—Purchasers at a probate sale of a minor's homestead lands, take subject to notice of the minor's interest.

8. COURTS—JURISDICTION—PRESUMPTIONS.—The proceedings of a superior court with respect to jurisdictional facts, about which the record is silent, are presumed to be within the scope of its jurisdiction until the contrary is shown, but where special powers conferred are exercised in a special manner, not according to the course of the common law, or where the general powers of a court are ex-

ercised over a class not within its ordinary jurisdiction, upon the performance of prescribed conditions, no such presumption of jurisdiction will attend the judgment of the court; in such cases the facts essential to the exercise of the special jurisdiction must appear upon the record.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; affirmed.

### STATEMENT BY THE COURT.

This is an appeal by an administrator from an order denying his application to sell the land of his intestate. The material facts are as follows: .

John New at the time of his death, owned and occupied as his homestead, one hundred acres of land in St. Francis County, Arkansas. He was survived by his widow and a minor son, who was his sole heir at law.

At the time of the trial of this action in the court below in September, 1915, the minor was about fourteen years of age. Shortly after the death of John New, J. B. Chambers was appointed guardian of the person and estate of said minor. At its January term, 1910, the probate court, upon the petition of said guardian ordered him to sell the homestead for the maintenance and education of his ward. The sale was made pursuant to the order of the court and the sale was approved by the court and a deed ordered made which was done. The deed conveyed to the purchaser the entire estate in and to the lands. The minor has since removed to the State of Mississippi. Subsequently the present proceedings were commenced.

The administrator of the estate of John New, deceased, made application to the probate court to sell the homestead for the payment of the debts of the estate of John New, deceased. A showing was made that the condition of the estate necessitated that the homestead should be sold for the payment of debts. The application of the administrator was denied and he appealed to the circuit court. There again his application was denied and he has appealed to this court.

*C. W. Norton,* for appellant.

The sale by the widow worked a forfeiture of her homestead privilege; the sale of the minor's interest by his guardian, under order of the probate court, extinguished his entire right in the land and forfeited his homestead privilege. No one else is entitled to hold the lands against creditors and they should be sold to pay debts. 65 Ark. 357.

*Mann, Bussey & Mann,* for appellee.

The object of the homestead law is to save the property from creditors. 65 Ark. 357. A minor can not abandon his homestead right, nor can his right be sold to pay debts. The rights of creditors are not prejudiced. 97 Ark. 189. The probate court had no jurisdiction. 55 Ark. 222; 72 *Id.* 329; 15 *Id.* 381; 16 *Id.* 474.

HART, J., (after stating the facts). It is contended by counsel for appellant that the probate sale of the homestead upon the application of the guardian was valid under the principles announced in *Merrill* v. *Harris,* 65 Ark. 355. It is further contended that the homestead right of the minor ceased when the sale was made and that the homestead then fell back into the residuum of the estate and became subject to administration and sale for the payment of decedent's debts. So before proceeding to a discussion of what was decided in the case of *Merrill* v. *Harris,* it may be well to note the state of our laws on the subject at the time of the decision. Article 9, section 3, of the Constitution of 1874 provides that the homestead of any resident of this State who is married and the head of a family shall be exempt from levy and forced sale except in certain enumerated cases. Article 9, section 6, reads as follows:

"If the owner of a homestead die, leaving a widow, but no children, and said widow has no separate homestead in her own right, the same shall be exempt, and the rents and profits thereof shall vest in her during her

natural life, provided that if the owner leaves children, one or more, said child or children shall share with said widow and be entitled to half the rents and profits till each of them arrives at twenty-one years of age—each child's rights to cease at twenty-one years of age—and the shares to go to the younger children, and then all to go to the widow, and provided that said widow or children may reside on the homestead or not; and in case of the death of the widow all of said homestead shall be vested in the minor children of the testator or intestate.''

(1-2)     It is a cardinal rule of construction that different sections of the Constitution bearing on the same subject should be read in the light of each other. When this is done, it is manifest that the framers of the Constitution meant that it is the land itself which constitutes the homestead and not the mere right of occupancy that is exempt from levy and sale. It is equally evident that the framers of the Constitution intended to extend to the widow and children until their homestead rights ceased, the same exemption that was given to the husband in his lifetime. In the case of *Nichols* v. *Shearon,* 49 Ark. 75, the court in discussing the attempted sale of the homestead by an administrator to pay debts of the decedent's estate, said: ''The sale of the homestead was void. The defendant was aware of all the circumstances which gave the plaintiffs a homestead right in the premises. He must take notice of their right to receive the rents during their nonage and that the land in the meantime is protected from sale for the ancestor's debts.''

The court also held that a widow being under no disability may abandon the homestead and surrender and forfeit all claims to it and when she does so it becomes assets in the hands of the administrator for the payment of debts of the estate. *Garibaldi, Administrator* v. *Jones,* 48 Ark. 230.

(4)     A minor being under disability, can not waive his right to a homestead during minority. He can neither waive nor abandon his homestead rights. *Altheimer* v. *Davis,* 37 Ark. 633; *Booth* v. *Goodwin,* 29 Ark. 633. So

that at the time *Merrill* v. *Harris,* was decided, it was settled in this State that under the Constitutions of 1868 and 1874 the probate court had no jurisdiction to order the sale of a homestead of a deceased person for the payment of his debts, during the minority of his children, or so long as his widow remains unmarried, and does not abandon it, or shall not be the owner of a homestead in her own right. During this time the homestead is exempt from sale for the payment of the debts of the deceased owner. The order of sale in such cases is void. *Bond* v. *Montgomery,* 56 Ark. 563.

In *Merrill* v. *Harris,* 65 Ark. 355, the opinion begins by the question, has a probate court, in which a guardianship of minors is pending, the power to order the sale of the homestead left them by the parent, for the benefit of said minors? A brief statement of facts follows in which it is stated that the owner of the homestead left no other property and no debts and no children except her minor sons. The court after stating that the question is a new one in this State reaffirms the doctrine that the homestead, during the holding of the widow or the minority of any of the children, can not be sold to pay the debts of the father's estate. The court then says, the question is, can the probate court in any case lawfully order the sale of such homestead for the benefit of the' minor children who enjoyed it as a descended or transmitted homestead from the deceased homesteader?

The court then makes a quotation from a Mississippi case but it will be noted that in Mississippi and Kentucky the homestead may be sold subject to the rights of occupancy by the widow and children if a sale is necessary to pay the debts of the husband. In this State it is not the mere homestead right of occupancy which is exempt from levy and sale but it is the ground occupied as a residence. Therefore we have held that there can be no sale of the homestead for the payment of debts until the termination of the homestead interest. Continuing the court said: "Following the argument of the author, suppose, as in the case at bar, there were no

debts, no other property, and that there was but one child, and he or she, as the case may be, the only child and heir; and, upon that, suppose that the rents and profits of the homestead place were nothing, or not enough to support and educate the child, and that there was no one willing or bound to occupy the premises with the minor, and thus assist in his support and education. In other words, suppose the homestead right was unavailable or utterly inadequate for the purpose. Can it be the law that the probate court, or the court of general, original and exclusive jurisdiction of minors and their estate, can not sell the property and thereby give it the only real value it has so far as the minor is concerned? We can not think such is the law. The Constitution does not, in terms, seek to do more than protect from the grasp of creditors. There is neither expressly nor by implication a restriction upon the powers of the probate court in respect to this class of the property of minors. The case we have supposed presents the question fairly, and in such a case we can not see how but one answer can be given. If one case could exist wherein the probate court would possess the power, that is all that is necessary to solve the question. To carry the discussion further than that would simply be to discuss questions pertaining to the proper or improper exercise of the court's discretion in the instances as they may arise, accordingly as the facts may determine.''

It is contended by counsel for appellant that the latter part of the quotation bears out their contention that the probate court in its discretion in all cases may sell the homestead of the minor and that its action in making the sale is only subject to review for an abuse of its discretion or its improvident exercise. We can not agree with their contention.

, Law is not an exact science and all opinions should be considered in the light of the facts to which they apply and with due regard to other decisions of the same court on the same subject. That is true for the reason

that the passing from that which is lawful to that which is unlawful is frquently by almost imperceptible degrees.

It will be noted that the court both in the statement of the case and in its argument in the opinion states that there were no debts and the question is propounded, can the probate court in any case lawfully order the sale of the homestead of the minor? The reading of the whole opinion makes it manifest to our minds that the words ''no debts'' were an essential element of the opinion and that they were intended as expressing one of the real grounds of the decision.

(5) The rule invoked by counsel for appellant would either result in a ruinous sacrifice of the homestead of the minor or the sale by the guardian at probate sale would be a vain and useless thing. As we have already seen, it is the settled law in this State that the homestead can not be sold subject to the rights of occupancy by the widow and children, but it is the land itself which constitutes the homestead that is sold. The homestead then falls back into the residuum of the estate and becomes subject to administration. Such being the case, it is evident that in cases where there were debts the purchaser would get nothing and it would be a vain and useless thing to sell the minor's homestead. If the right of the minor in the homestead ceased when it was sold at guardian's sale and the homestead then fell back into the residuum of the estate subject to be sold for the payment of the debts of the intestate, it is obvious that no useful purpose could be served by allowing the guardian to sell it where there were debts. But it is said that an improvident exercise of the power could be corrected on appeal. Examples readily occur which show that this would not protect the interest of the minor. If the minor should be too young to appreciate what was being done and had no friends interested in his behalf, the land might be again sold at an administrator's sale for the payment of debts and it would then be too late to set aside the guardian's sale of the homestead in a collateral attack on it.

(6)    The better rule is to hold that the probate sale
of the homestead by the guardian in cases where there
are debts is absolutely void. As we have already seen
the framers of our Constitution plainly intended to pre-
serve for the minor the homestead exemption of the par-
ents after their death and to prevent the sale thereof for
the debts of the parents during the minority of the chil-
dren and it has always been the policy of this court to
give such a liberal construction to the homestead laws
as will best effectuate this humane intention of the fram-
ers of the Constitution. We think this result can best be
accomplished by holding that the decision in *Merrill* v.
*Harris, supra,* applies only to cases where there are no
debts and that such holding is more in accord with the
trend of our other decisions on the subject. Where there
are no debts the homestead would sell for its full value,
for the only question would be whether the court abused
its discretion in making the sale and such question not
being subject to review on collateral attack, the pur-
chaser would pay full value for the homestead and the
homestead rights of the minors would be fully preserved.
The object of the homestead laws being to preserve the
exemption of the parent from debts to the children dur-
ing their minority, if there are no debts, there would seem
to be no good reason why probate courts might not order
a sale of the homestead upon the application of the guar-
dian where it was deemed to the best interest of the minor
to do so.

It is evident the framers of the Constitution in-
tended to extend to the minors during their minority
the same exemption that was given to the parents; and
the construction we have given does this, and also pre-
serves to the creditors their rights, which can be exer-
cised after the minority of the children has terminated.

(7)    Therefore we think that the fact that there
were "no debts" was a cogent reason for the decision in
*Merrill* v. *Harris.* It is no answer to this to say that the
creditor is not a party to the application of the guardian
to sell the homestead and should not be bound by a find-

ing of the court that there were no debts. Purchasers at such sales as well as at administrator's sales are required to take notice of the rights of the minors and for like reason, it may be said that creditors must take notice of the rights guaranteed the minors by the Constitution and it is not likely that a sale of the homestead could be made without their knowledge.

(8) We also think the judgment in the present case should be affirmed because there is no affirmative showing in the record of the guardian's sale in the probate court that there were no debts. It is true as a general rule that the proceedings of a superior court with respect to jurisdictional facts, about which the record is silent, are presumed to be within the scope of its jurisdiction until the contrary is shown, but where special powers conferred are exercised in a special manner, not according to the course of the common law, or where the general powers of a court are exercised over a class not within its ordinary jurisdiction, upon the performance of prescribed conditions, no such presumption of jurisdiction will attend the judgment of the court. In such cases the facts essential to the exercise of the special jurisdiction must appear upon the record. *Oliver* v. *Routh, et al.,* 123 Ark. 189; *Beakley* v. *Ford,* 123 Ark. 383.

In the application of this rule we think the record of the probate court in the matter of selling the minor's homestead upon the application of the guardian should show the fact that there were no debts, and the record being silent on that point, the order of sale was void.

In making the application we have also considered that cardinal rule of construction that provisions of the Constitution relating to the same subject must be read in the light of each other. When this is done, the section of the Constitution giving probate courts jurisdiction over guardians must be read in connection with that section of the Constitution relating to the homestead exemption of minors.

It follows that the court was right in denying the application of the administrator to sell the homestead of the minor, and the judgment will be affirmed.

McCULLOCH, C. J., (dissenting). It seems to me that the erroneous declarations of the law made by the majority of the court in the case of *Beakley* v. *Ford* is accentuated in the opinion of the majority in the present case, and extends very far the disastrous effect of unsettling the law with respect to presumptions which ought to, and which have heretofore, attended the judgments of probate courts when collaterally attacked. The writer in his dissenting opinion in the other case referred to, showed that it has long been the settled policy of this court to treat probate courts as courts of superior jurisdiction, and that on collateral attack every presumption is to be indulged concerning the regularity of their proceedings. *Borden* v. *State*, 11 Ark. 519; *Marr, ex parte*, 12 Ark. 87; *Rogers* v. *Wilson*, 13 Ark. 507; *Sturdy* v. *Jacoway*, 19 Ark. 499; *Apel* v. *Kelsey*, 52 Ark. 341; *Alexander* v. *Hardin*, 54 Ark. 480.

Prior to the decision of this court in *Merrill* v. *Harris*, 65 Ark. 355, it was a mooted question whether the probate court had any jurisdiction to order a sale by the guardian of an infant's homestead derived from his deceased parent, but the question was decided in the affirmative in that case. The court now holds that the power of the probate court with respect to the sale of the infant's homestead is limited to cases where there are no debts of the decedent, and that where there are debts the probate court is without jurisdiction to proceed. I find no such distinction made in the opinion in *Merrill* v. *Harris*. On the contrary, it seems to me that the court expressly put the decision upon the broader ground that the probate court had complete jurisdiction over the homestead as a part of the infant's estate, and that the judgment of the probate court ordering the sale could not be attacked collaterally. The recital of facts in the opinion was only made to emphasize the necessity of holding that the probate court possessed that power, and

the fact that there were no debts of the estate was not stated as a limitation upon the power and jurisdiction of the probate court. After reciting by way of illustration, the facts of a supposed case, the court said: "The Constitution does not, in terms, seek to do more than protect from the grasp of creditors. There is neither expressly nor by implication a restriction upon the powers of the probate court in respect to this class of the property of minors. The case we have supposed presents the question fairly, and in such a case we can not see how but one answer can be given. If one case could exist wherein the probate court would possess the power, that is all that is necessary to solve the question. To carry the discussion further than that would simply be to discuss questions pertaining to the proper or improper exercise of the court's discretion in the instances as they may arise, accordingly as the facts may determine."

The language just quoted is, I think, an express declaration that the probate court has jurisdiction under all circumstances to sell the homestead of the infant for his own benefit, and that questions of propriety or expediency will not be inquired into in a collateral attack on the judgment. But even if that were not the necessary effect of the decision, the presumption ought to be indulged, according to the doctrine so often announced by this court, that the probate court, which is a court of superior jurisdiction, found the facts to exist which gave it jurisdiction. Suppose the court had found and recited in its record the fact that there were no debts of the decedent. Would that adjudication be binding upon creditors of the estate of the decedent who were neither actually nor constructively parties to the proceeding in which the guardian's sale was ordered? Certainly not. We then have the anomalous situation, possibly, of the probate court making its order of sale valid by reciting a finding that there were no debts of the decedent, and on the other hand, when the infant comes of age, the creditors, who are not bound by that judgment, can show that there are debts of the decedent's estate

and can establish their claims for the purpose of enforcing the same against the lands. It is illogical in any point of view to say that the probate court has the authority to order a sale of an infant's homestead when it is found that there are no debts of the decedent but the order is void if the record fails to recite such finding. That conclusion also ignores all the presumptions which attend the regularity of the proceedings in the probate court in a matter over which it exercises jurisdiction as a superior court.

The distinction is sometimes made between judgments of the probate court in matters in the exercise of ordinary jurisdiction and those in the exercise of a special jurisdiction, but that distinction is often more imaginary than real. Certainly it has no application to a proceeding concerning the estate of deceased persons and infants, for those matters are within the constitutional jurisdiction of the probate court and can not be said to be within the exercise of any special jurisdiction. The rule sustained by all the authorities is stated in one of the encyclopedias as follows: "When a court of general jurisdiction proceeds in the exercise of special powers, wholly derived from statute, and not exercised according to the course of the common law, or not pertaining to its general jurisdiction, its jurisdiction must appear in the record, and can not be presumed in a collateral proceeding." 23 Cyc. p. 1081.

While that is undoubtedly the correct rule, its application does not sustain the majority opinion for the reason that the probate court in ordering the sale of an infant's estate, whether it be the homestead or other property, acts within its general jurisdiction.

The probate court, by the issuance of letters of administration or of guardianship, acquires general jurisdiction over all the estate of the decedent or the infant, and all proceedings thereafter are in the nature of proceedings *in rem*. The rule as to presumptions concerning the regularity of probate courts sometimes works hardships in individual cases, but it has been often said

by this court that it is better that there should be individual hardships than that the integrity of judgments of superior courts should be destroyed.

Now, as to the effect of the sale of the infant's interest in the homestead, if it be treated as a valid sale and as having passed to the purchaser all the interest of the infant: It has been decided by this court in the cases cited in the opinion of the majority that an infant can not himself waive the homestead right. That is undoubtedly true, but if the probate court has the power to sell his interest it operates as an abandonment of the privilege of claiming the homestead. It is, after all, a mere privilege which does not pass to the purchaser. It was held in *Garibaldi* v. *Jones,* 48 Ark. 230, that an attempt by a widow to sell the homestead operated as an abandonment of the privilege of occupancy. The same rule would apply to the sale by an infant acting through his guardian under orders of the probate court. The right to occupy as a homestead being a privilege which is personal to the infant, it does not pass to the purchaser, and it would be anomalous to say that under those circumstances the title which had passed to the purchaser was protected by the infant's privilege which had been abandoned by the sale. It may be an improvident act of the probate court in ordering the sale of the infant's homestead, but that does not appear upon the record in this case for we do not know whether the property brought an adequate price or not. That is not shown in the present proceeding.

The effect of this decision, however, is to declare invalid the sale and to render void the title of the purchaser, who doubtless purchased on the faith of the decision of this court in *Merrill* v. *Harris, supra,* that the probate court had complete jurisdiction over the subject-matter and that a sale of the infant's homestead was valid. Whatever differences of opinion may be entertained as to the correctness of the decision in *Merrill* v. *Harris,* it certainly constituted a rule of property and ought not to be disturbed.

SMITH, J., (concurring). I think the opinion of the majority, and the dissenting opinion of the Chief Justice as well, are dictum. The necessary effect of both the opinions is to adjudge invalid the title of the purchaser at the guardian's sale, and this has been done without having that party before us.

The only question which we are required to decide, or which is presented by this record, is whether the court properly refused to grant the application of the administrator for an order to sell the infant's homestead to pay, the debts of his ancestor; and in answer to this question I say these general creditors, for whose benefit the administrator petitioned for the order of sale, should be postponed until the heir has come of age, for neither the minor himself nor anyone for him has the right to waive his homestead privilege, so far as these general creditors are concerned. It appears to me that, if any subject can be regarded as settled, we should say that the presumption is conclusive that it is not to the advantage of the minor to have his homestead sold during his infancy for the payment of his ancestor's debts and therefore neither the minor himself nor anyone for him can confer jurisdiction to make a sale for that purpose.

I think we should now hold simply that the court properly refused to order a sale for the payment of debts, and we would then leave to the purchaser at the guardian's sale an opportunity to be heard in his own behalf against these creditors, when the infant comes of age and the creditors through the administrator move for an order of sale.

I concur, therefore, in the judgment affirming the refusal to order the sale of this homestead, but I do not agree with the reasoning by which that result is reached.