## COLLINS *v.* HARRIS.

### Opinion delivered January 19, 1925.

1. GUARDIAN AND WARD—VALIDITY OF SALE OF REAL ESTATE.—The validity of a guardian's sale of land of her wards was not affected by an erroneous designation of the wards' names in the letters of guardianship where the order appointing appraisers and all subsequent proceedings correctly named the wards and an order was made before approval of the sale correcting the designation of the wards in the letters of guardianship.

2. GUARDIAN AND WARD—SALE OF LAND OF WARDS—VALIDITY.—In proceedings by a guardian to sell the homestead of her wards, the omission of the order of sale to show that there were no debts due and unpaid by their deceased parent at the time the sale was made was cured by Acts 1919, No. 263, making conclusive the judgments and decrees of the probate court in guardians' and administrators' sales.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*J. N. Rachels,* for appellant.

*Brundidge & Neely,* for appellee.

SMITH, J. The complaint filed by appellants in this cause alleged that their father, S. H. Collins, died seized and possessed of the lands described in the complaint, and that these lands constituted his homestead at the time of his death. After the death of S. H. Collins, his widow, the mother of appellants, married a man named Bailey, and Mrs. Bailey was appointed guardian for her children. The petition for her appointment as guardian referred to the children as Luther Bailey, age 17 years, and Hosie Lee Bailey, age 13 years. The name of the children was Collins, of course, but the mother used her then name of Bailey as the name of the children. The letters of guardianship which were issued upon Mrs. Bailey's application named her wards as "Luther and Hosie Lee Bailey, minors, under the age of 18 years."

Mrs. Bailey, as guardian, made application to the probate court for an order to sell the lands of her wards, and alleged in the petition therefor that this was necessary for the support, education and maintenance of said minors. This petition was filed February 25, 1913.

On March 8, 1913, appraisers were appointed to appraise the lands, and in this order the wards were for the first time referred to as being named Collins, and in all the subsequent proceedings they were referred to by that name.

The sale was duly made by the guardian, and a report thereof was filed with the clerk of the probate court on April 14, 1913, and on that day the probate court entered an order reciting the facts in connection with Mrs. Bailey's appointment as guardian of her children, who had been referred to as being named Bailey, whereas their true name was Collins, the name of the guardian's former husband and the father of the children, and the court ordered that all former proceedings be amended to show the true name of the children, and that "all matters and proceedings had and done with relation to the sale of said land and the guardianship of said minors shall be taken to be as in the name of Luther and Hosie Lee Collins, and this order is made for the purpose of correcting the proceedings heretofore had in this matter."

The sale was made to defendant's grantor, and was duly confirmed, and a proper deed was executed and approved.

Appellants seek by this suit to set the sale aside, and assign two grounds therefor; first, that the whole proceeding was void because Mrs. Bailey was appointed as guardian for Luther and Hosie Lee Bailey, and there were no such persons, and second, the order of sale made by the probate court did not recite the facts that S. H. Collins owed no debts at the time of his death.

We think the erroneous application for and the issuance of letters of guardianship to Mrs. Bailey, as guardian for her children, who should have been designated as being named Collins, instead of Bailey, did not affect the jurisdiction of the court to make the sale. The order of the court appointing the appraisers recited the true name of the wards, and no one who desired to bid at the guardian's sale could have been in doubt as to the

interest which would be offered for sale and would be acquired by the purchaser thereat, and the order of April 14, 1913, which was made on the day the report of sale was filed and before the sale was approved, corrected this error.

As to the other ground of attack, that it nowhere appeared from any order of the court that there were no debts due and unpaid by S. H. Collins at the time the order of sale was made, it may be said that this omission would be fatal to the validity of the sale upon the authority of the cases of *Beakley* v. *Ford,* 123 Ark. 383; *Ex parte Tipton,* 123 Ark. 389, and *Rushing* v. *Horner,* 130 Ark. 21. But, subsequent to the rendition of those opinions, the General Assembly, at its 1919 session, passed an act No. 263, entitled "An act to render conclusive judgments and decrees of the probate court in guardians' and administrators' sales."

This act was reviewed and upheld in the case of *Day* v. *Johnson,* 158 Ark. 478, and we need not repeat here what we there said in the construction of the act. It will suffice to state what was there decided. In that case an administratrix and a guardian, both of whom were nonresidents of this State, had sold lands belonging to their intestate and wards at a private sale, and the effect of these irregularities on the validity of the administratrix's sale and the guardian's sale was considered.

We there held that the rule announced in the case of *Apel* v. *Kelsey,* 52 Ark. 341, had been reenacted, and that, under this act, all sales by guardians and administrators which had been made under orders of the probate court and which contained the recitals made jurisdictional by that act, were impervious to collateral attack, save for fraud or duress, with a proviso that the provisions of the act should not apply to attacks on probate sales made within twelve months after the passage of the act.

This act 263 does not require that the order of the probate court directing the sale shall show that there

were no debts, and the order of court under which the land here involved was sold, contained the recitals which act 263 designated as essential and jurisdictional.

The complaint filed by appellants does allege that the order changing the name of the wards was fraudulently obtained, but it appears, from what we have already said in regard to the court's order in this respect, that there was no fraud in making this order, as it was made to conform with what appellants allege to be the truth, and it may be further said that there are no allegations of fact in the complaint upon which to predicate a charge of fraud in the procurement of the other orders of the court. It may also be said that this suit was not brought within twelve months after the passage of act 263.

Upon these facts the court below properly sustained the demurrer to the complaint of appellants, and that decree is therefore affirmed.