DODD *v.* HOPPER.

Opinion delivered June 16, 1930.

*J. Paul Ward,* for appellant.

*Williamson & Williamson,* for appellee.

MEHAFFY, J. The appellant inherited from her father an undivided one-eighth interest in 267 acres of land in Stone County, Arkansas. The father with appellant and other children of his lived on the land at the time of and prior to his death, which occurred in 1919. One hundred and sixty acres of said land was occupied as a homestead. Appellant was a minor when her father died and L. G. Hopper was appointed her guardian, and, as such guardian, made application to the Stone County probate court for an order to sell the undivided interest of appellant and also the undivided interest of her sister, Ruth Hopper, who was also a minor. The application of the guardian for an order to sell the interests of the minors stated that other heirs had already sold their interest. Ruth Hopper, one of the minors, was the wife of L. G. Hopper, the guardian. The guardian stated in his application to the probate court, that the lands were going down by the fencing being bad, the bushes growing up, and that the two minor heirs were not financially able to keep them in repair and pay taxes on same, and that the rents of the same will not make the repairs and pay taxes; that

Ruth Hopper is a married woman and needs her small interest to help make a start for herself; that Laman Dodd cannot alone rent the lands nor keep same up together with taxes, and that the money she would obtain from her interest would be worth more to her upon interest than being in said lands. The guardian prayed in his application that interests of the minors be sold for reinvestment and for said Laman Dodd's maintenance and education. The court made an order to sell and the guardian sold said minor's interest which included the homestead. This action was begun by appellant in the Stone Chancery Court to set aside the order of sale, the sale, and the deeds made and prayed that all these be declared void, and asked for an accounting and that she be given judgment and for other relief.

The chancery court rendered a decree dismissing plaintiff's complaint and declaring all proceedings of the probate court legal.

This appeal is prosecuted by the minor to reverse said decree. Neither the application nor any order of the court shows that the land was the homestead of the minor. There is nothing to show that there were no debts. There is no reason shown either in the application or elsewhere of any necessity for selling the homestead. There were 107 acres besides the homestead, and so far as the record shows there may have been personal property. The petition for an order to sell states that Laman Dodd cannot alone rent said lands nor keep same up together with taxes, and that the money she would obtain for her interest would be worth more to her upon interest than being in said lands. Of course Laman Dodd could not alone rent the lands and keep them up. This was the business of the guardian and not of the ward who was only 16 years of age. The sale of the minor's homestead made in the manner shown by the record in this case is void. However, appellee relies on § 5028 of Crawford & Moses' Digest, and contends that the judgment of the probate court is conclusive save upon direct appeal.

This court has said: "But we do hold that an essential requirement of the statute in regard to sale of a minor's land cannot be entirely omitted and disregarded." *Mobbs* v. *Millard,* 106 Ark. 563, 153 S. W. 821.

"As to the other ground of attack that it nowhere appeared from the order of the court that there were no debts due and unpaid by S. H. Collins at the time the order of sale was made, it may be said that this omission would be fatal to the validity of the sale upon the authority of the cases of *Beakley* v. *Ford,* 123 Ark. 383, 185 S. W. 796; *Ex parte Tipton,* 123 Ark. 389, 185 S. W. 798, and *Rushing* v. *Horner,* 130 Ark. 21, 196 S. W. 468. But subsequent to the rendition of those opinions the General Assembly at its 1919 session, passed an act No. 263 entitled an act to render conclusive judgments and decrees of the probate court in guardian's and administrator's sales." *Collins* v. *Harris,* 167 Ark. 372, 267 S. W. 781; *Day* v. *Johnston,* 158 Ark. 478, 250 S. W. 532.

The act of 1919 above referred to is § 5028 of Crawford & Moses' Digest. That act provides: "That the finding and recital of the judgment or decree of the probate court authorizing and ordering such sale that the guardian or administrator was duly and legally appointed and qualified; that the sale was conducted according to law; and that the facts set forth in the petition entitled the said guardian or administrator to make said sale, shall be conclusive, etc.," but the judgment of the probate court does not recite any of these things. The record in this case shows no judgment or no action of the probate court except there is indorsed on the application a statement that the petition is granted. If the judgment of the probate court had recited the facts above mentioned in its judgment, the judgment would have been conclusive, but, as it did not do this, the judgment is not conclusive.

The decree of the chancery court is reversed, and the cause remanded with directions to enter a decree in accordance with this opinion.