JORDAN v. THE MIDLAND SAVINGS & LOAN COMPANY OF DENVER, COLORADO.

4-4461

Opinion delivered December 14, 1936.

*C. L. Farish* and *Dean, Moore & Brazil,* for appellants.

*Edward Gordon* and *John D. Rogers,* for appellees.

McHANEY, J. Appellants are the children and heirs at law of Granville E. Farish, who died intestate in Conway county, Arkansas, in December, 1922. They brought this action against the appellees, in which they alleged that at the time of his death the said Granville E. Farish owned and, with his family, occupied as his homestead lot 7, block 12, Moose's addition to Morrilton; that on the

21st day of May, 1924, appellee, Myrtle I. Farish, widow
of the said Granville E. Farish, and mother of appellants,
was appointed guardian of appellants, who were minors
at that time; that thereafter she entered into a fraudulent
and unlawful agreement with appellee, W. A. Matthews,
to the effect that she should obtain the necessary orders
from the probate court for the sale of said lands and that
he, Matthews, should become the bidder at said sale; that
he should pay no consideration therefor and should short-
ly thereafter convey same without consideration to said
Myrtle I. Farish by deed; that this conspiracy was car-
ried out by obtaining the necessary probate orders, and
within a short time after the guardian's deed to said Mat-
thews he and his wife conveyed same to her in her in-
dividual capacity; that the probate sale to Matthews and
the Matthews deed to her were simply a ruse by which
appellants were defeated of their homestead and their
interest in their father's estate; that the said Granville
E. Farish owed no debts at the time of his death and
there existed no reason for the sale of said property;
that on April 2, 1926, said Myrtle I. Farish mortgaged
said lands to the appellee, The Midland Savings & Loan
Company, to secure the payment of a note for $1,500; that
said mortgage was in furtherance of and in line with the
unlawful designs of appellees, Farish and Matthews, to
deprive these minors of their homestead rights; that
said probate sale and conveyance to Matthews conveyed
no title and that same was made for the personal use and
benefit of said Myrtle I. Farish and is void; that the
mortgage to The Midland Savings & Loan Company
was and is void and of no effect and constituted no lien
upon the homestead rights of these minors. It is further
alleged that on November 8, 1927, The Midland Savings
& Loan Company filed complaint to foreclose this mort-
gage, and on the 10th day of January, 1928, a decree of
foreclosure was rendered and said lands were sold to
the mortgagee. It is further alleged that all sales and
conveyances complained of are void and of no effect be-
cause of said fraud and should be canceled. There was a

prayer for a cancellation of all deeds including the foreclosure proceeding mentioned and for damages.

There is exhibited with this complaint all the petitions, orders and proceedings in the probate court relating to the sale of said property and copies of the various deeds, mortgages, foreclosure sale and confirmation in the chancery court. To this complaint appellees demurred on the ground that the complaint does not state sufficient facts to constitute a cause of action, and that appellants are making a collateral attack upon the orders of the probate court which had become final. An amendment was later filed to the complaint reaffirming the allegations in the original complaint and alleging that the proceedings in the probate court were frauds practiced upon the probate court and that the conspiracy between the guardian and Matthews was for the purpose of perpetrating a fraud upon the probate court and was carried out and effected as a fraud upon said court and appellants; that the true facts with reference to the probate orders and sale were concealed from the probate court and that said court would not have made said orders if it had been in possession of the true facts. The demurrer was renewed to the complaint and the amendment. The court sustained said demurrer, and upon appellants' declining to plead further, dismissed their complaint and the amendment for want of equity. The case is here on appeal.

We think the court erred in sustaining the demurrer and that the complaint stated a cause of action grounded upon fraud between the guardian and said Matthews. It is conceded that the statute relating to sales by guardians of the property of their wards for the support and education of the minors was complied with. The petition for the order of sale did not recite that the property sought to be sold was not the homestead of the minors, but it did recite that it was vacant property, producing no income, and burdened with taxes and special assessments; that the deceased owed no debts and that the purpose of the sale was for the support and education of the minors. We think the allegation in the petition that the property was vacant is tantamount to an allegation that

it was not the homestead, but conceding that it was not, the failure to allege that it was not the homestead would be a mere irregularity which would be cured under the provisions of § 5028 of Crawford & Moses' Digest, same being the act of March 12, 1919. This statute provides: "In all guardian's sales heretofore or hereafter made, the finding and recital in the judgment or decree of the probate court authorizing and ordering any such sale that the guardian or administrator was duly and legally appointed and qualified; that the sale was conducted according to law; and that the facts set forth in the petition entitled the said guardian or administrator to make the said sale, shall be conclusive and binding on all parties having or claiming an interest in the said sale, save upon direct appeal to the circuit court made in such cases as are now provided by law; and such finding and judgment or decree of the probate court shall not be open to collateral attack save for fraud or duress. * * *" This act was construed and sustained in *Day* v. *Johnston,* 158 Ark. 478, 250 S. W. 532, and it was there held, to quote a syllabus: "A private sale of lands of a decedent, made under an order of the probate court for the payment of his debts as also a private sale of the lands of a minor to provide funds for his education, is not void when confirmed, under Acts 1919, No. 263."

In *Collins* v. *Harris,* 167 Ark. 372, 267 S. W. 781, it was held, to quote a syllabus: "In proceedings by a guardian to sell the homestead of her wards, the omission of the order of sale to show that there were no debts due and unpaid by their deceased parent at the time the sale was made was cured by Acts 1919, No. 263, making conclusive the judgments and decrees of the probate court in guardians' and administrators' sales." In neither of these cases was there any allegation of fraud. In *Dodd* v. *Hopper,* 182 Ark. 24, 30 S. W. (2d) 837, it was held that a guardian's sale of the minor's homestead is void where neither the application therefor nor the court order showed that the land was the minor's homestead or that there were no debts and that said § 5028, Crawford & Moses' Digest, did not validate a void guardian's sale

where the probate court judgment did not contain the recitals mentioned in the act. See also *Levinson* v. *Treadway,* 190 Ark. 201, 78 S. W. (2d) 59. In none of these cases was there any allegation of fraud in the procurement of the sale. Here, the complaint alleges fraud practiced upon the court in the procurement of said sale. It does not allege that the appellee, The Midland Savings & Loan Company, was in any wise connected with said fraud, but any purchaser in that chain of title was bound to take notice of the fact that the title to said property was conveyed by Matthews to the guardian in her individual capacity a short time after the sale to him, and since she was precluded from purchasing the property at her own sale, either directly or indirectly, subsequent purchasers from her would be charged with notice of a possible infirmity of the title and not innocent purchasers. Since the complaint stated a cause of action based on fraud, the court erred in sustaining the demurrer. Since this case must be reversed, it may be well to state that if appellants established the allegations of their complaint to the satisfaction of the trial court, they would not be entitled to recover more than the value of the property at the time the suit was brought in its unimproved condition. Appellee loan company lent the money to make valuable improvements upon the property, and appellants would not be entitled to recover said improvements, and it may be well to state further that the guardian would be liable upon her official bond and that Matthews would be personally liable for his participation in the fraudulent scheme alleged not only to appellants, but to appellee, The Midland Savings & Loan Company.

. The judgment will be reversed, and the cause remanded with directions to overrule the demurrer and for further proceedings according to law, the principles of equity, and not inconsistent with this opinion.