SMITH *v.* WOFFORD, GUARDIAN.

5-162                                                    259 S. W. 2d 507

Opinion delivered June 22, 1953.

*George H. Steimel,* for appellant.

*W. J. Schoonover,* for appellee.

ROBINSON, Justice.   On petition of Earlene Smith Wofford, guardian of the estates of Dorothy Dianne Smith and Alvin Burris Smith, Jr., minors, the probate court ordered the sale of the minors' homestead. At the time of his death, the deceased parent whence came the homestead owed debts which were apparently amply secured. The appellant, J. Henley Smith, filed a remon-

strance to the petition of the guardian to sell the homestead and has appealed from the order of the court allowing the sale.

We reach only one point, and that is can a minor's homestead be sold where the parent who owned the homestead at the time of his death owed debts; and the answer is no.

Ark. Stat., § 57-639, provides for the sale of a minor's homestead, but even under this statute the minor's homestead cannot be sold when the parent leaving the homestead also left debts.

Art. 9, § 6, of the Constitution of Arkansas is as follows: "If the owner of a homestead die, leaving a widow, but no children, and said widow has no separate homestead in her own right, the same shall be exempt, and the rents and profits thereof shall vest in her during her natural life, provided that if the owner leaves children, one or more, said child or children shall share with said widow and be entitled to half the rents and profits till each of them arrives at twenty-one years of age—each child's right to cease at twenty-one years of age—and the shares to go to the younger children, and then all to go to the widow, and provided that said widow or children may reside on the homestead or not; and in case of the death of the widow all of said homestead shall be vested in the minor children of the testator or intestate."

In *Merrill* v. *Harris,* 65 Ark. 355, 46 S. W. 538, 41 L. R. A. 714, it was held that a minor's homestead when the parent leaving the homestead owed no debts could be sold on order of the court; but in *Tipton, Adm., Ex Parte,* 123 Ark. 389, 185 S. W. 798, it was held that the probate sale of the homestead by a guardian in cases where there are debts is absolutely void; and the principle announced in the Tipton case was approved in *Dodd* v. *Hopper,* 182 Ark. 24, 30 S. W. 2d 837; *Rushing* v. *Horner,* 130 Ark. 21, 196 S. W. 468; and *Puckett* v. *Glendenning,* 135 Ark. 551, 205 S. W. 454. The case of *Penney* v. *Vessells,* 221 Ark. 389, 253 S. W. 2d 968, in no way impairs the holding in the above cases because in that case the sale of the

minor's homestead where there were debts was not involved.

Appellee urges that the Tipton case and other cases adhering to the principle therein announced should be overruled, and to affirm the case at bar, those cases would have to be overruled. The Constitution gives the minor children the privilege of sharing the homestead with the widow, and provides that they are entitled to half the rents and profits until they arrive at 21 years of age. In the Tipton case, Mr. Justice HART said: "As we have already seen the framers of our Constitution plainly intended to preserve for the minor the homestead exemption of the parents after their death and to prevent the sale thereof for the debts of the parents during the minority of the children and it has always been the policy of this court to give such a liberal construction to the homestead laws as will best effectuate this humane intention of the framers of the Constitution." Judge HART then points out that when there are debts, it may not be possible upon the sale of the homestead to protect the minor's homestead interests as guaranteed by the Constitution; whereas when there are no debts, there would be no reason for the property not selling for its full value, the minor thereby getting the full benefit of the value of the homestead.

We adhere to the principle announced in the Tipton case. Therefore, the judgment is reversed.

ED. F. McFADDIN, Justice (Concurring). I concur for the purpose of calling special attention to Mr. Justice BATTLE's dissenting opinion in *Merrill* v. *Harris,* 65 Ark. 355, 46 S. W. 538, 41 L. R. A. 714, which dissenting opinion I think should be adopted—to operate prospectively—as the correct interpretation of Art. IX, § 6, of our Constitution: the effect of adopting such dissenting opinion would be to prohibit the sale of a homestead—in all instances except under lien foreclosure proceedings—while any of the children remained under 21 years of age.

The said Art. IX, § 6, of the Constitution, provides:

"If the owner of a homestead die, leaving a widow, but no children, and said widow has no separate homestead in her own right, the same shall be exempt, and the rents and profits thereof shall vest in her during her natural life, provided that if the owner leaves children, one or more, said child or children shall share with the said widow and be entitled to half the rents and profits till each of them arrives at twenty-one years of age—each child's right to cease at twenty-one years of age—and the shares to go to the younger children, and then all to go to the widow, and provided that said widow or children may reside on the homestead or not; and in case of the death of the widow all of said homestead shall be vested in the minor children of the testator or intestate."

This Constitutional provision says that while a child is under 21 years of age, said child shall be entitled to the "rents and profits" of the homestead. If the homestead is sold under any guise whatsoever, then certainly the child is deprived of the "rents and profits" of the homestead: to allow the homestead to be sold is to defeat the protection and rights which the Constitution guarantees to the minor children.

Justice Battle expressed it this way:

"A sale of such lands during the minority of the children tends to defeat the magnificent policy of the constitution, and should be treated by all courts as void.

"It follows that the probate court cannot sell the fee in the land without defeating the spirit and intent of the constitution. It seems to me that no argument or authority is necessary to prove that the constitution, from which it derives its jurisdiction, did not vest the probate court with the authority to defeat its policy or violate any of its provisions."

When the majority held—as it did in *Merrill* v. *Harris, supra*—that the homestead could be sold when the ancestor left no debts, then this Court had to point

out in Tipton, Ex parte, 123 Ark. 389, 185 S. W. 798, that the homestead could not be sold when there were debts. Then the Legislature, by § 226 of Act No. 140 of 1949 (§ 57-639 Ark. Stats.), sought to broaden the holding in Tipton, *Ex parte*. The majority holding in the present case is that the Statute, (§ 57-639 Ark. Stats.) is unconstitutional insofar as it affects the rights of a minor in the homestead of an ancestor who owed debts.

To my mind, the simple solution of the whole problem is to adopt—with prospective application—Justice Battle's dissent in *Merrill* v. *Harris;* and when such result is achieved, we will get back to the spirit of the Constitution and to the protection which it accords to minors. In the hope that this may some day come to fruition, I am writing this concurring opinion.